ORDER GRANTING DEFENDANTS MOTION TO DISMISS
KATHARINE ENGLISH, Chief Judge.
A. INTRODUCTION; BACKGROUND
Plaintiffs, who allege that they were both employed at a “Center funded, run and/or controlled by the Tribe,” have filed a Complaint against the Tribe, its Human Resources department, four named individuals and 1 to 20 John or Jane Does. Plaintiffs’ Complaint includes claims for *182 wrongful employment termination, breach of contract, employment discrimination, and negligence. Plaintiffs allege that they were each wrongfully terminated from their employment with the center, that the termination of their employment amounted to . a breach of contract, that they were discriminated against in their employment, and that they were subject to “threatening, harassing or defamatory conduct” in their “place of work[.]” Plaintiffs seek an award for their economic and non-economic damages and for their costs and disbursements.
Defendants have moved to dismiss Plaintiffs’ Complaint, contending: (1) that the Employment Action Review Ordinance provides the exclusive remedy for Plaintiffs’ employment-related claims, (2) that Plaintiffs’ claims cannot be brought under the Tort Claims Ordinance because, under that Ordinance, this Court lacks jurisdiction over intentional torts, statutory claims and contract claims, (3) that Plaintiffs did not comply with that Ordinance in any event because they did not provide proper, timely notice, (4) that all of Plaintiffs’ claim are time-barred under the Employment Action Review Ordinance, (5) that there has been no waiver of sovereign immunity apart from the provisions of the Employment Action Review Ordinance, which Plaintiffs have not followed, and (6) that sovereign immunity extends to Tribal officials and employees.
Plaintiffs have filed a rather cursory response to the Motion to Dismiss, contending in a conclusory fashion that this Court has jurisdiction, that Defendants’ claims regarding tort claim notice and exhaustion of administrative remedies involve factual disputes, that their employment was terminated without compliance “with constitutional requirements for a written resolution by Tribal Council,” [1] and that sovereign immunity does not apply. Plaintiffs also give notice of their intent to file an amended pleading and, alternatively, ask leave to amend their pleading in response to any ruling made by this Court or after a reasonable opportunity for discovery.
For the reasons that follow, the Court grants Defendants’ Motion to Dismiss.
B. DISCUSSION
As suggested by the list of bases for the Motion to Dismiss, given above, Defendants have presented the Court with a veritable smorgasbord of reasons to dismiss this Complaint. In response, Plaintiffs appear to have little to offer. Their response, to the Motion to Dismiss consists of a two-page document that is essentially devoid of any supporting authority and that seems to be based on the theory that if Plaintiffs say something is so, it must be. Plaintiffs’ apparent refusal to take the Motion to Dismiss seriously or to offer the Court much other than unsupported conclusions is, to say the least, a somewhat hazardous approach.
Despite Plaintiffs’ seeming nonchalance, however, the Court has carefully studied the Motion to Dismiss and the bases for it. Having done so, the Court concludes that the Motion should be granted. Without necessarily suggesting that any of the bases for the Motion to Dismiss are not well-taken, the Court- determines that the Motion must be granted because Plaintiffs failed to pursue and exhaust their remedies under the Employment Action Review Ordinance and because the standards and procedures for judicial review under the Ordinance are integral parts of a limited waiver of the Tribe’s sovereign immunity. Furthermore, be *183 cause the Court concludes that the defects in Plaintiffs’ Complaint cannot possibly be cured, the Court dismisses without affording Plaintiffs the opportunity to amend their Complaint.
Plaintiffs’ Complaint, and their attempt to turn an employment-related dispute into a tort or contract action, appear to be flawed in a number of respects, but the— or at least one—fatal flaw lies in Plaintiffs’ failure to have pursued the remedies available to them under the Employment Action Review Ordinance. That Ordinance states that it “provides the exclusive remedy for claims relating to the terms and conditions of employment” and that “[a]n aggrieved Employee may not use any other procedure to seek judicial review of a Final Employment Decision * * * [with certain exceptions not pertinent here] * * * even though another procedure for judicial review may be provided by another provision of Tribal law of general application.” Tribal Code §§ 255.5(c)(6) and (d)(1).
All of Plaintiffs’ claims relate “to the terms and conditions of [their] employment.” Whether couched as breach of contract, unlawful termination, or tort claims, each of Plaintiffs’ claims relates directly to their former employment and to the terms and conditions of that employment. That is, Plaintiffs contend that they were wrongfully terminated from their jobs, that the termination amounted to breach of contract, that they were discriminated against “in their employment,” and that they were each subjected in their “place of work” to threatening, harassing and defamatory conduct which Defendants negligently failed to avoid or stop. The employment setting and the “terms and conditions” of Plaintiffs’ past employment lie at the heart of each of those claims.
Plaintiffs do not contend that they complied with the Employment Action Review Ordinance or that they exhausted their administrative remedies under that Ordinance. Instead, they assert, without any further elaboration, that “[tjhere is an issue of fact as to whether any potential or alleged administrative remedy would have been futile based on the Defendant’s [sic] conduct, thereby excusing any need for administrative review which is nevertheless denied.”
This apparent hint at a futility claim is unavailing. When exhaustion requirements are imposed by statute (or by Ordinance) they “are mandatory, and courts are not free to dispense with them.” Bastek v. Federal Crop Ins. Corp., 145 F.3d 90, 94 (2d Cir.1998). “Faced with unambiguous statutory language requiring exhaustion of administrative remedies, ‘[courts] are not free to rewrite the statutory text.’ ” Id., quoting McNeil v. United States, 508 U.S. 106, 111, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). Indeed, with respect to statutory—as opposed to court-created—exhaustion requirements a “failure to exhaust deprives [a] court of jurisdiction.” Information Resources, Inc. v. United States, 950 F.2d 1122, 1126 (5th Cir.1992) (citation omitted). This Court is not free to ignore or override the express, unambiguous exhaustion requirement set out in the Employment Action Review Ordinance. Plaintiffs have not exhausted their remedies granted by the Ordinance and their claims, thus, are barred.
That failure-to-exhaust problem is compounded by the fact that the Ordinance also provides that the standards and procedures set out in the Ordinance are integral parts of the limited waiver of sovereign immunity provided under the Ordinance. Because Plaintiffs have not followed those procedures, the Tribe’s sovereign immunity has not been waived. See Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58, 98 S.Ct. 1670, 56 L.Ed.2d 106 *184 (1978) (“It is settled that a waiver of sovereign immunity cannot be implied but must be unequivocally expressed”). Furthermore, and despite Plaintiffs’ suggestion to the contrary, “[T]ribal sovereign immunity is a matter of subject matter jurisdiction* * * which may be challenged by a Motion to Dismiss under Federal Rules of Civil Procedure (FRCP) 12(b)(1).” E.F.W. and A.T.B. v. St. Stephen's Indian High School, 264 F.3d 1297, 1302-03 (10th Cir.2001) (citations omitted). Thus, Plaintiffs not only have failed to exhaust; in addition, their failure to exhaust means that they cannot take advantage of the limited waiver of sovereign immunity set out in the Employment Action Review Ordinance.
As noted, both of those defects also deprive the Court of subject matter jurisdiction. For that reason, and because those flaws in Plaintiffs’ Complaint “could not possibly be cured by the allegation of other facts,” Doe v. United States, 58 F.3d 494, 497 (9th Cir.1995) (citation and internal quotation marks omitted), there is no reason and no need to allow Plaintiffs to amend their Complaint or conduct further discovery. It is far too late for Plaintiffs to pursue any remedy under the Employment Action Review Ordinance, so, no matter what they do now, they never will have exhausted their remedies under that Ordinance and that failure will forever deprive them of any waiver of sovereign immunity under the Ordinance. Therefore, the Court Grants Defendants’ Motion to Dismiss with Prejudice.[2]
C. CONCLUSION
For the reasons given above, the Court grants Defendants’ Motion to Dismiss and Dismisses Plaintiffs’ Complaint with Prejudice.

. Plaintiffs cite no source for this supposed constitutional requirement.

. As suggested above, Defendants offer an abundance of reasons for dismissing this Complaint. And it is tempting to observe, as Defendants do, that Plaintiffs' wrongful termination and breach of contract claims are barred by the Tort Claims Ordinance itself, because the former is an intentional tort that may not be brought tinder the Ordinance, and because the latter also is expressly barred. Tribal Code § 255.6(e)(4) (no waiver of sovereign immunity as to any intentional tort or for any claim of interference with contract rights). In addition. Plaintiffs’ employment discrimination claim is not a “tort,” but a statutory claim (brought under a statute that does not apply to Indian Tribes, see 42 USC § 2000e(b) ("employer” does not include Indian Tribe)). And Plaintiffs' negligence claim cannot be brought under the Tort Ordinance because it deals with the terms and conditions of Plaintiffs’ past employment, and therefore must be brought under the Employment Action Review Ordinance.