825 F.2d 1274
 8 Employee Benefits Ca 2454, 9 Employee
Benefits Ca 1136
Salvadore W. PORTO, Appellant,
v.
ARMCO, INC.; Mellon Bank, N.A., Trustee; Armco, Inc.
Benefit Plans Administrative Committee, Appellees.
 No. 86-2500.
 United States Court of Appeals,
Eighth Circuit.
 Submitted July 6, 1987.
Decided Aug. 10, 1987.
Rehearing and Rehearing En Banc Denied Oct. 12, 1987.
 
 H. Kent Desselle, Independence, Mo., for appellant.
 Jack D. Rowe, Kansas City, Mo., for appellees.
 Before McMILLIAN, JOHN R. GIBSON, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Salvador Porto, a retired Armco, Inc. employee, appeals from the district court's[1] order granting Armco, Inc. Benefit Plans Administrative Committee (Administrator) summary judgment on Porto's claim under the Employee Retirement Income Security Act, 29 U.S.C. Secs. 1001, et seq. (ERISA). For reversal, Porto argues that the district court erred in concluding that the Administrator did not breach its fiduciary duty by failing to inform Porto and other retired plan participants of a modification to plan regulations when active employees were so informed. We affirm.
 
 I. BACKGROUND
 
 2
 Porto retired from Armco, Inc. effective January 31, 1981, after 39 years of employment. He was a participant in the company's ERISA-covered profit sharing plan, which provided for employee contributions and 50% matching contributions from Armco, which had to be used to purchase Armco common stock. Upon his retirement Porto elected to receive from his plan account his own contributions and to defer for five years distribution of Armco's contributions and earnings thereon. Porto knew that the decision to defer this distribution was irrevocable under the then applicable plan regulations.
 
 
 3
 On June 26, 1981, Porto wrote to the Administrator that because of changed family circumstances he was requesting distribution of his remaining account, i.e., that his Armco stock be sold and that he be sent its cash value plus earnings. By letter dated August 19, 1981, the Administrator told Porto that the plan regulations did not permit such a change in his retirement election. During this time, the value of Armco common stock was steadily falling.
 
 
 4
 In January 1982, prompted by a change in the Internal Revenue Code, the plan adopted an amendment to its regulations to permit the once irrevocable decision on withdrawal choices upon retirement to be revocable. Porto's local plan administrator, appointed by the Administrator, sent a letter to all local employed plan participants on or about February 1, 1982, advising them of this amendment. The letter was not sent to the local retired participants such as Porto. Porto did not learn of the revocability amendment until he spoke with the local plan administrator on October 1, 1982. In March 1983 Porto received a plan description which set forth the revocability amendment.
 
 
 5
 When Porto learned of the amendment on October 1, 1982, he did not ask for immediate distribution of this account. Rather, on October 7, 1982, he requested a partial, and on July 6, 1983, a full transfer from the Armco Common Stock Fund to the Diversified Stock Fund. Finally, on April 2, 1985, Porto authorized the withdrawal and cash distribution of his entire remaining account.
 
 
 6
 In his complaint, Porto claimed that the Administrator and Armco breached their ERISA-imposed fiduciary duties by their failure to inform the retired plan participants of the revocability amendment when the active participants were so informed. He sought as damages the difference in the value of his Armco common stock on the date he claims he should have been informed and on October 1, 1982, the date he actually was informed. The issue of liability was submitted to the district court on cross-motions for summary judgment, on stipulated facts and other designated evidentiary material.
 
 
 7
 In granting Armco and the Administrator summary judgment, the district court noted that Porto was notified of the amendment within the time limit provided for in ERISA, 29 U.S.C. Sec. 1024(b)(1),[2] for disclosure of modifications in a plan. The district court held that Armco and the Administrator did not have an obligation to notify retired employees at the same time and in the same manner as active employees so long as notification to all participants was timely under the statute. The district court also concluded that Porto's June 26, 1981, letter did not trigger 29 U.S.C. Sec. 1132(c), which imposes liability upon plan administrators for refusing to supply requested information within 30 days of the request. Finally, the district court held that Porto's June 1981 letter did not impose upon Armco and the Administrator a special individualized duty toward Porto.
 
 
 8
 Porto appeals only from the judgment in favor of the Administrator, and he challenges only the district court's conclusion that the Administrator's compliance with ERISA's disclosure provision precludes a breach-of-fiduciary-duty claim.
 
 II. ANALYSIS
 
 9
 ERISA, 29 U.S.C. Sec. 1104(a), imposes a prudent person standard of care upon plan fiduciaries:
 
 
 10
 [A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and--
 
 
 11
 (A) for the exclusive purpose of:
 
 
 12
 (i) providing benefits to participants and their beneficiaries; and
 
 
 13
 (ii) defraying reasonable expenses of administering the plan;
 
 
 14
 (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.
 
 
 15
 The district court did not make a finding that the Administrator had acted in a reasonable manner. Rather, the court in effect concluded that, as a matter of law, a breach-of-fiduciary-duty claim cannot be based on a failure to disclose when the statutory disclosure requirements have been met.
 
 
 16
 The fiduciary duty imposed by ERISA is generally applied to the management of plan assets. Common law trust principles provide the foundation for the statutory standard, which prohibits the use of plan assets for the primary benefit of a party other than the plan itself.
 
 
 17
 A plan administrator's duty to disclose information to plan participants is another matter, dealt with separately by ERISA. Although it can be argued that the local plan administrator should have informed the retired participants of the amendment when the active employees were so informed, we conclude that the district court did not err in holding that an administrator who complies with the statutory standard for disclosure cannot be said to have breached the fiduciary duty by not providing earlier disclosure.
 
 III. CONCLUSION
 The district court's order is affirmed.[3]
 
 
 [1]
 The Honorable John W. Oliver, United States District Judge for the Western District of Missouri
 
 
 [2]
 29 U.S.C. Sec. 1024(b)(1)(B) provides as follows:
 If there is a [material] modification or change in the terms of the [plan] ..., a summary description of such modification or change shall be furnished not later than 210 days after the end of the plan year in which the change is adopted to each participant, and to each beneficiary who is receiving benefits under the plan.
 
 
 [3]
 We have considered, and hereby deny, appellee's motion to dismiss the appeal for want of a proper notice of appeal