773 F.Supp. 1266 (1991)
Jeffrey SWEENEY, individually and on behalf of all others similarly situated, Plaintiff,
v.
The KROGER CO. and The Kroger Co. Employee Stock Ownership Plan, Defendants.
No. 90-1643C(6).
United States District Court, E.D. Missouri, E.D.
September 27, 1991.
*1267 Gerald Cohen, St. Louis, Mo., David Zlotnick, Elaine Williams, Zlotnick & Thomas, Tuscon, Ariz., for plaintiff.
John P. Emde, St. Louis, Mo., for defendants.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on defendants' motion to dismiss plaintiff's amended class action complaint.
Plaintiff, a former employee of defendant Kroger Company (Kroger), brings this action, on behalf of the class of all others similarly situated, alleging that defendants Kroger and Kroger Employee Stock Ownership Plan (KESOP) failed to disclose material facts and breached fiduciary duties in connection with the purchase of stock that plaintiff and other members of the class owned through KESOP. Specifically, plaintiff alleges that in late 1986 Kroger closed its Gateway Division and laid off all of its employees including plaintiff. Before closing this division, Kroger had employed around five thousand persons in the St. Louis metropolitan area.
During the years in question, Kroger maintained the KESOP and this Plan owned shares of Kroger stock. All contributions to the KESOP were made by Kroger and no contributions were made by the Plan participants. While employed by Kroger, plaintiff participated in the KESOP. At the time of the closing of the Gateway Division and his termination, plaintiff owned approximately eighteen shares of Kroger common stock obtained through his participation in the KESOP. The Plan document governing his KESOP participation required that his shares be promptly distributed to him upon his termination. In July 1988, the KESOP offered plaintiff and other Plan participants who held fewer than twenty-five shares of stock an option of receiving cash for their shares held through the Plan. Plaintiff elected to receive his benefit contribution from the KESOP in the form of cash, as opposed to Kroger stock. On September 2, 1988, KESOP sold the shares of common stock in *1268 the KESOP allocable to plaintiff on the market and on September 9, 1988, the KESOP purchased plaintiff's stock. On September 28, 1988, the KESOP paid plaintiff $660.82, consisting of $36.20 per share for his 18.11486 shares and $5.07 income credited to his account.
Some time in early August prior to the KESOP's distribution of cash to plaintiff and the other alleged class members, the Haft family expressed interest in acquiring Kroger or control of Kroger.
In Count I plaintiff alleges that defendants violated § 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5(1)-(5) promulgated by the Securities and Exchange Commission by failing to disclose material information regarding Kroger's status and plans thereby causing KESOP to purchase and/or sell plaintiff's stock on the basis of such undisclosed inside information. In Count II plaintiff alleges that defendants violated § 20 of the Securities Exchange Act of 1934 by causing KESOP to engage in the wrongful practices alleged by plaintiff within the complaint. In Count III plaintiff alleges that defendants violated §§ 402 and 404 of the Employee Retirement Income Security Act of 1974 (ERISA) by distributing benefits to plaintiff in the form of cash in lieu of stock contrary to the terms of KESOP and by purchasing and/or selling plaintiff's KESOP stock without full disclosure of all material facts and for an amount known to be inadequate. In Count IV plaintiff alleges that defendants violated common-law fiduciary duties by failing to disclose material facts relating to Kroger's condition and its prospects, thereby causing plaintiff to suffer substantial financial losses.
Defendants move to dismiss plaintiff's amended class action complaint asserting 1) that Counts I and II are barred by the statute of limitations and fail to state claims under the federal securities laws because plaintiff had no interest in a security nor engaged in any purchase or sale of a security; 2) that Count III is barred by the defenses of waiver, acquiescence and estoppel; and 3) that Counts III and IV fail to state claims under ERISA because there is no authority requiring disclosure of the information plaintiff alleges was withheld.
In his memorandum in opposition, plaintiff contends that his stock was a security as the term is defined in the Securities Exchange Act and that the sale of his stock fulfilled the requirement for a purchase or sale. He also contends that Counts I and II are not time barred. Plaintiff further contends that ERISA imposes a fiduciary duty requiring the disclosure of information where such information is in the interest of the participants and the disclosure of information pertaining to the true value of his stock in connection with Plan administrative transactions involving the stock. Plaintiff also contends that ERISA requires defendants to adhere to the terms of the KESOP plan and to distribute to him his shares of Kroger stock.
With respect to defendants' contention that Counts I and II are time barred by the one year statute of limitations period statutorily prescribed for certain express causes of actions under the Securities Exchange Act, the Court finds that plaintiff's claims contained in Counts I and II are untimely. Lampf v. Gilbertson, ___ U.S. ___, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991). The Supreme Court in Lampf concluded that litigation instituted pursuant to § 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 must be commenced within one year after the discovery of the facts constituting the violation and within three years after such violation, as provided in the 1934 Act and the Securities Act of 1933. Id. at 2782. The Court notes that plaintiff commenced this action on September 4, 1990, by alleging between August 20, 1988 and September 13, 1988, defendants failed to disclose material information concerning a proposed restructuring. Thus, there is no dispute that the latest possible date plaintiff discovered the facts constituting the alleged violation was on September 13, 1988. Accordingly, the Court will grant defendants' motion with respect to Counts I and II.
In passing on a motion to dismiss, a court is required to view the facts alleged in the complaint in the light most favorable *1269 to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss will not be granted merely because the complaint does not state with precision every element necessary for recovery. 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1216 at 154-59 (1990). A complaint is sufficient if it "contain[s] allegations from which an inference fairly may be drawn that evidence on those material points will be introduced at trial." Id. A complaint should not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46, 78 S.Ct. at 101-102.
With respect to defendants' motion to dismiss Counts III and IV, the Court concludes that defendants' motion must be granted insofar as plaintiff's disclosure claims are not actionable under the ERISA fiduciary duty provision, 29 U.S.C. § 1104. The Court notes that plaintiff does not allege that defendants violated the express disclosure requirements contained within ERISA, 29 U.S.C. §§ 1021-1030, but instead, his disclosure claims are asserted as a breach of fiduciary duty based upon defendants' failure to inform him of Kroger's condition with respect to the possibility of corporate restructuring and prospects with respect to the potential acquisition of Kroger or control of Kroger. The Court further concludes that plan administrators are not required to inform all Plan participants and beneficiaries of every corporate event, especially contingent events, that might impact the value of the company's common stock. Cf. Childers v. Northwest Airlines, Inc., 688 F.Supp. 1357, 1361-62 (D.Minn.1988) (the court declined to require fiduciaries to provide individualized notice of the effect a particular event may have on a participant and further noted that fiduciaries should be able to rely upon the guidance ERISA provides with regard to the disclosure requirements).
An employer acts as a fiduciary when administering a welfare plan in accordance with the terms, but not when deciding how and under what terms the employer should provide benefits in a plan. Musto v. American Gen. Corp., 861 F.2d 897, 911 (6th Cir.1988), cert. denied, 490 U.S. 1020, 109 S.Ct. 1745, 104 L.Ed.2d 182 (1989); Porto v. Armco, Inc., 825 F.2d 1274, 1276 (8th Cir.1987) (per curiam), cert. denied, 485 U.S. 937, 108 S.Ct. 1114, 99 L.Ed.2d 274 (1988). If the employer is acting in his capacity as a settlor of the plan, his conduct as to business decisions in implementing the plan are not regulated by the fiduciary duties outlined in the ERISA statute. Musto v. American Gen. Corp., 861 F.2d at 911. The fiduciary duty imposed by ERISA generally relates to the management of plan assets while a plan administrator's duty to disclose information to plan participants is "another matter, dealt with separately by ERISA." Porto v. Armco, Inc., 825 F.2d at 1276. The Eighth Circuit made the following finding:
[T]he ERISA scheme envisions that employers will act in a dual capacity as both fiduciary to the plan and as employer. ERISA does not prohibit an employer from acting in accordance with its interests as employer when not administering the plan or investing its assets.
Hickman v. Tosco Corp., 840 F.2d 564, 566 (8th Cir.1988) (quoting Phillips v. Amoco Oil Co., 799 F.2d 1464, 1471 (11th Cir.1986), aff'g, 614 F.Supp. 694, 716-17 (N.D.Ala. 1985), cert. denied, 481 U.S. 1016, 107 S.Ct. 1893, 95 L.Ed.2d 500 (1987)). Moreover, the Eighth Circuit held in Porto that an administrator who complies with the statutory standard for disclosure cannot be found to have breached a fiduciary duty to plan participants by not providing earlier disclosure of an amendment to the plan. Porto v. Armco, Inc., 825 F.2d at 1276.
With respect to the part of Count III in which plaintiff alleges that the KESOP breached its fiduciary duties by offering him the option to receive his distribution in cash in lieu of shares of Kroger stock as required by the KESOP plan document, the Court finds that plaintiff knowingly accepted the cash option in lieu of the shares of stock. The Court notes that *1270 plaintiff does not allege in the complaint that defendants misled him concerning his right to receive his distribution in the form of Kroger stock under the KESOP plan. Cf. Berlin v. Michigan Bell Tel. Co., 858 F.2d 1154, 1163 (6th Cir.1988) (the court relied on cases dealing primarily with misrepresentations concerning the terms of an ERISA plan in making the finding that "a fiduciary may not materially mislead those to whom the duties of loyalty and prudence described in 29 U.S.C. § 1104 are allowed"). In light of the factual circumstances of this case, the Court concludes that defendants did not breach any fiduciary duties by offering plaintiff a cash distribution.