332 F.3d 1198
 William SHAVER; William Dereschuk, Plaintiffs-Appellants,
v.
OPERATING ENGINEERS LOCAL 428 PENSION TRUST FUND, a trust;
Raymond Frank CISNE; David Martin; Merle Langfeldt; Thomas Royden; Robert J. Johnston; Dennis Teel, in their capacity as Trustees thereof; and David Wick, in his capacity as Administrator thereof, Defendants-Appellees.
 No. 01-16922.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted November 7, 2002.
 Filed June 18, 2003.
 
 Francis G. Fanning, Tempe, AZ, for the plaintiffs-appellants.
 Keith F. Overholt, David B. Earl, Jennings, Strouss & Salmon, P.L.C., Phoenix, AZ, for the defendants-appellees.
 Appeal from the United States District Court for the District of Arizona; Paul G. Rosenblatt, District Judge, Presiding. D.C. No. CV-00-01832-PGR.
 Before: BETTY B. FLETCHER, RICHARD S. ARNOLD,* and JOHNNIE B. RAWLINSON, Circuit Judges.
 Opinion by Judge RICHARD S. ARNOLD; Dissent by Judge RAWLINSON.
 OPINION
 RICHARD S. ARNOLD, Circuit Judge:
 
 
 1
 The Operating Engineers Union, Local 428, has an ERISA pension fund for its members' benefit. The plaintiffs, William Shaver and William Dereschuk, a participant and beneficiary of the plan, respectively, had concerns about the management of the fund. Eventually, they filed a two-count complaint against the trustees and administrator of the ERISA benefit plan, the defendants. The plaintiffs claimed that the defendants failed to turn over, pursuant to statutory requirements, certain financial records of the fund, and violated their fiduciary duty by not turning over those records and by neglecting to keep accurate records of the fund's operation. The District Court dismissed all the appellants' claims when it granted the appellees' 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. This appeal is from that decision.
 
 
 2
 We agree with the District Court that the detailed records of expenditures sought by the appellants were not "instruments" under 29 U.S.C. § 1024(b)(4), and thus were not subject to the statute's disclosure requirements. In our view, however, it was premature for the District Court to dismiss the breach-of-fiduciary-duty claim for neglecting to keep adequate records. The plaintiffs sought injunctive relief, and their failure to plead that a loss occurred is not fatal to that claim. Therefore, we affirm in part, reverse in part, and remand the case to the District Court for proceedings consistent with this opinion.
 
 I.
 
 3
 The Operating Engineers Local 428 Pension Trust Fund is a multi-employer pension trust fund. Six trustees are responsible for the fund. Three of the trustees are appointed by Operating Engineers Local 428, and three are appointed by the Arizona Chapter of the Associated General Contractors of America Corporation, whose members make contributions to the fund on behalf of their employees. The trustees are named fiduciaries, according to 29 U.S.C. § 1102(a)(2), and are responsible for administering the fund. They are all defendants in this suit along with the third-party administrator of the fund, American Benefit Plan Administrators, Inc.
 
 
 4
 Schedule C, form 5500, promulgated by the Internal Revenue Service, allows the trustees to aggregate, rather than itemize, certain fund expenses on Line 1 of Part 1 of the form, which the trustees must submit to the IRS. Those expenses must be less than $5,000, individually, to be listed en bloc on Line 1. Over a decade, the trustees listed more than $1.6 million in expenses of the fund this way. For two years, Messrs. Shaver and Dereschuk requested more specific information on how the money being listed on Line 1 was being spent. The trustees declined to provide this information.
 
 
 5
 Messrs. Shaver and Dereschuk then filed this suit against the trustees in September of 2000. They alleged that the financial records were "instruments under which the plan is established and operated," 29 U.S.C. § 1024(b)(4), and that, therefore, the trustees had a legal duty to turn over the requested information. They also accused the trustees of violating their fiduciary duty by failing to turn over the requested information and by failing to keep thorough records.
 
 
 6
 The defendants filed a 12(b)(6) motion to dismiss. The plaintiffs tried to supplement their response to the trustees' motion by filing a number of documents to support their breach-of-fiduciary-duty claim. During oral arguments, the District Court granted a motion to strike the supplemental material because the plaintiffs had not sought permission from the District Court to file it. Counsel for the plaintiffs then indicated, in a somewhat conditional fashion, that they would move to amend the complaint to include the more detailed allegations contained in the supplemental material. No such motion was ever filed.
 
 
 7
 In its written opinion issued after the hearing, the District Court noted that 29 U.S.C. § 1024 has traditionally been construed narrowly, and that the language of the statute seemed to limit disclosure to a narrow class of documents: those specifying the terms and conditions of the plan. The District Court determined that the records sought did not fall into that category of documents, and dismissed the claim for failure to state a claim upon which relief can be granted.
 
 
 8
 Plaintiffs' second count alleged a breach of fiduciary duty for failure to disclose the disputed records and also for failing to keep adequate records. The District Court reasoned that since there was no legal obligation to turn over the records, the trustees' failure to do so could not be a breach of fiduciary duty. Further, the Court observed that the plaintiffs had failed to allege any loss. The Court dismissed this count as well. Appeal to this Court followed.
 
 II.
 
 9
 Generally, on a 12(b)(6) motion, the District Court should consider only the pleadings. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir.2001). Plaintiffs' proffered supplemental material merely substantiated their claims that the trustees failed to keep thorough records and failed to turn over a detailed list of their expenditures incurred in managing the fund. At that point, the material was superfluous because the non-moving party does not have to substantiate its allegations; the Court presumes everything it claims is true anyway. Thus, the District Court properly declined to review the extra material at this stage in the lawsuit.
 
 
 10
 Plaintiffs also object to the failure of the District Court to rule on what they characterize as a motion to amend their complaint. It is not clear that an effective motion was ever made. In any event, the motion to dismiss was not a responsive pleading within the meaning of Fed. R.Civ.P. 15(a). Doe v. United States, 58 F.3d 494, 497 (9th Cir.1995). Thus, at the time of the hearing, the appellants still had an absolute right to amend their complaint, see Fed.R.Civ.P. 15(a), but neglected to do so. Their failure to amend constituted a waiver of that right.
 
 
 11
 The appellants' oral motion for leave to amend does not help them because they failed to obtain a ruling from the District Court on that motion. This Court has no ruling by the District Court to review. In any event, no harm was caused by appellants' failure to obtain a ruling because the breach of fiduciary duty claim should have survived, amended or not, and the claims resulting from the failure to disclose would not have survived, regardless of how the appellants reworded their complaint.
 
 III.
 
 12
 This Court reviews the District Court's dismissal for failure to state a claim de novo. Chappel v. Laboratory Corp. of Am., 232 F.3d 719, 723 (9th Cir.2000). The District Court's dismissal hinged on its interpretation of an ERISA provision, and we review interpretations of statutes de novo. See United States v. Gomez-Rodriguez, 77 F.3d 1150, 1152 (9th Cir.1996). With respect to the statute before us, we have already declined to interpret it to require general disclosure. Hughes Salaried Retirees Action Committee v. Administrator of the Hughes Non-Bargaining Retirement Plan, 72 F.3d 686, 691 (9th Cir.1995) (en banc). The question remains how narrowly we interpret the statute.
 
 
 13
 Appellants argue that Section 1024(b)(4) of ERISA mandates that the trustees reveal records that explain, in detail, expenditures that the government allows to be aggregated on forms that are submitted to the IRS and to the Department of Labor. The appellants contend that these records are the "other instruments" mentioned by the statute:
 
 
 14
 The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract or other instruments under which the plan is established or operated.
 
 
 15
 29 U.S.C. § 1024(b)(4) (emphasis added). We agree with the District Court. Barring indicia to the contrary, the broad term, "other instruments," should be limited to the class of objects that specifically precedes it. See Allinder v. Inter-City Products Corp., 152 F.3d 544, 549 (6th Cir.1998) (applying the interpretive principle of ejusdem generis to the term "other instruments" in Section 1024(b)(4)).
 
 
 16
 The statute mentions only legal documents that describe the terms of the plan, its financial status, and other documents that restrict or govern the plan's operation. The records that Messrs. Shaver and Dereschuk seek, itemized lists of expenditures, at most relate only to the manner in which the plan is operated. Every expense the plan incurs falls under that broad definition, and the practical result of adopting such an interpretation would be to force the plan administrators to turn over every receipt they have any time a participant or beneficiary requests that the administrators do so. We continue to believe that "instruments" refers to "... documents that provide individual participants with information about the plan and benefits." Hughes, 72 F.3d at 690. The records sought by the appellants in the case clearly do not fall into that category and the District Court was correct in concluding that 29 U.S.C. § 1024(b)(4) does not compel these documents' disclosure.
 
 IV.
 
 17
 The plaintiffs also brought a claim for breach of a fiduciary duty. This count contained two claims. The first was that the trustees violated their fiduciary duty by failing to turn over the information as required by 29 U.S.C. § 1024(b)(4). We have established that the trustees had no such duty and therefore the District Court was correct in dismissing this claim.
 
 
 18
 Appellants' second claim for breach of fiduciary duty is different. Appellants asserted that the trustees had failed to keep adequate records. Messrs. Shaver and Dereschuk alleged that "... aggregated expenses on line one of Schedule C for some of the plan years could not be itemized by the Defendants because no complete record of such expenses had been maintained in such a form as would permit an itemized accounting." Civil Complaint, p. 3. They asked for injunctive relief in the form of either an order requiring that the trustees keep more thorough records in the future or that the trustees be removed.
 
 
 19
 There is no question that the trustees are fiduciaries for the purposes of ERISA. It is equally clear that Section 1023 of ERISA obligates the trustees to prepare an annual report that must be made available to participants. 29 U.S.C. § 1023(a)(1)(A). That report must include "details of revenues and expenses and other changes aggregated by general source and application." 29 U.S.C. § 1023(b)(2). Of importance to this appeal is the trustees' duty to keep adequate records so that the plan's reporting of those expenses can be verified if the need arises. See 29 U.S.C. § 1027 ("Every person subject to a requirement to file any report ... shall maintain records on the matters of which disclosure is required which will provide in sufficient detail the necessary basic information and data from which the documents thus required may be verified ..."); see also United States v. Sarault, 840 F.2d 1479, 1483-85 (9th Cir.1988) (discussing why 29 U.S.C. § 1027 should be construed as requiring a broad range of documents to be retained by the trustee). The common law of trusts imposes a similar obligation. See Restatement (Second) of Trusts § 172; see also Acosta v. Pac. Enter., 950 F.2d 611, 618 (9th Cir.1991) ("ERISA's legislative history demonstrates that `Congress invoked the common law of trusts to define the general scope of [a fiduciary's] authority and responsibility.'"), citing Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc., 472 U.S. 559, 570, 105 S.Ct. 2833, 2840, 86 L.Ed.2d 447 (1985) (alteration in original).
 
 
 20
 Since this is a 12(b)(6) motion, we assume that all the facts well pleaded in the complaint are true. Zimmerman v. City of Oakland, 255 F.3d 734, 737 (9th Cir.2001). Therefore, we must assume that the trustees failed to keep records sufficient to verify their annual reports. A failure to keep those records would be a breach of both the duty to keep records imposed by Section 1027 of ERISA and the common-law fiduciary duty to keep records. The plaintiffs asked for injunctive relief in the form of either removal of the trustees or an order requiring them to keep better records. Either form of relief is permitted under 29 U.S.C. § 1109(a). On these facts, removal of the trustees might conceivably be warranted, because trustees may be removed for imprudent, but not necessarily improper, conduct. See Dairy Fresh Corp. v. Poole, 108 F.Supp.2d 1344, 1361 (S.D.Ala.2000).
 
 
 21
 It is true that Messrs. Shaver and Dereschuk did not allege that any loss occurred. That is not fatal to this aspect of their complaint, however. See Ziegler v. Connecticut Gen. Life Ins. Co., 916 F.2d 548, 551 (9th Cir.1990) ("Congress intended to make fiduciaries culpable for certain ERISA violations even in the absence of actual injury to a plan or participant.") The question of whether a fiduciary violated his fiduciary duty is independent from the question of loss. See Rodrigues v. Herman, 121 F.3d 1352, 1356 (9th Cir.1997) (finding that the defendant breached his fiduciary duty without discussing loss); Friend v. Sanwa Bank of California, 35 F.3d 466, 469 (9th Cir.1994) (noting that defendant could have violated the fiduciary-duty provision of ERISA, Section 1104(a)(1), but not be liable for the loss the plan suffered).
 
 
 22
 Some cases say that there must be a loss to hold the fiduciary liable for breach of his duty. See, e.g., Friend, 35 F.3d at 469 ("ERISA holds a trustee liable for a breach of fiduciary duty only to the extent that losses to the plan result from the breach.") The statement, in context, however, refers to a case in which monetary relief was sought from the trustee. Here, plaintiffs seek purely equitable relief, either to enjoin future misconduct, or to have the trustees removed. Requiring a showing of loss in such a case would be to say that the fiduciaries are free to ignore their duties so long as they do no tangible harm, and that the beneficiaries are powerless to rein in the fiduciaries' imprudent behavior until some actual damage has been done. This result is not supported by the language of ERISA, the common law, or common sense.
 
 
 23
 Therefore, we conclude that appellants' second claim, as it relates to a breach of fiduciary duty for failing to keep adequate records, is capable of surviving a 12(b)(6) motion — a low standard. The decision of the District Court is reversed on this issue and the case is remanded for proceedings consistent with this opinion. In all other respects the judgment of the District Court is affirmed.
 
 
 24
 AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
 
 
 
 Notes:
 
 
 *
 The Honorable Richard S. Arnold, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 RAWLINSON, Circuit Judge, Dissenting:
 
 25
 I respectfully dissent from that portion of the majority's opinion reversing the district court's dismissal of Plaintiffs' breach of fiduciary duty claim. I agree with the majority that "the trustees are fiduciaries for the purposes of ERISA." However, I cannot join the majority's foray into the common law of trusts to thrust an obligation upon the fund that ERISA's comprehensive statutory scheme does not countenance.
 
 
 26
 The majority cites generally to 29 U.S.C. § 1027 as the source of the trustee's duty "to keep adequate records so that the books of the plan can be checked if the need arises." Majority Opinion at 1202. However, a careful reading of the text of the cited provision does not support the majority's casual reliance on it.
 
 29 U.S.C. § 1027 provides that:
 
 27
 Every person subject to a requirement to file any report or to certify any information therefor under this subchapter... shall maintain records on the matters of which disclosure is required which will provide in sufficient detail the necessary basic information and data from which the documents thus required may be verified ...
 
 
 28
 A plain reading of this statute results in imposing upon the trustees an obligation to maintain adequate records only on those matters of required disclosure.
 
 
 29
 As the majority opinion acknowledges (Maj. Op. at 1201-1202), 29 U.S.C. § 1024 outlines the reporting requirements for trustees. The majority also concedes, as it must, that the documents sought by Plaintiffs "were not subject to the statute's disclosure requirement." Maj. Op. at 1200. The majority nevertheless plucks from thin air a freestanding fiduciary duty outside the confines of the statutory disclosure requirements. Although the majority opinion references 29 U.S.C. § 1027 as the source of the trustee's duty (Maj. Op. at 1202), its previous analysis of 29 U.S.C. § 1024 excludes the requested documents from the retention requirements of 29 U.S.C. § 1027.
 
 
 30
 Section 1027 compels retention of only those records for which disclosure is required. If the records sought were not subject to disclosure under § 1024, the retention requirements of § 1027 never came into play. Scratch § 1027 as a legitimate base of support for the majority's ruling.
 
 
 31
 The majority also cites United States v. Sarault, 840 F.2d 1479 (9th Cir.1988) to bolster its holding. Maj. Op. at 1202. However, Sarault is easily disposed of because it involved "a document required to be kept by ... 18 U.S.C. § 1027," id. at 1480 (emphasis added), unlike the documents at issue in this case.
 
 
 32
 The majority provides an incomplete quote from Acosta v. Pac. Enter., 950 F.2d 611, 618 (9th Cir.1991), to validate its reliance upon the common law of trusts. The majority quotes this language from Acosta: "ERISA's legislative history demonstrates that `Congress invoked the common law of trusts to define the scope of [a fiduciary's] authority and responsibility.'" Maj. Op. at 1203. The majority conveniently omitted this clarifying language:
 
 
 33
 However, common law trust duties regarding the disclosure of information to beneficiaries may be read into ERISA... only to the extent that they relate to the provision of benefits or the defrayment of expenses, and only insofar as they do not contradict or supplant the existing reporting and disclosure provisions. Thus, an ERISA fiduciary has an affirmative duty to inform beneficiaries of circumstances that threaten the funding of benefits, and to provide an individual faced with termination of plan coverage, upon request, "complete and correct material information on [his] status and options[.]" A fiduciary need not, however, adhere to stricter deadlines for statutorily required reporting than those provided in the statute. Id. at 618-19 (emphasis added) (citations omitted).
 
 
 34
 The final sentence in this quoted passage reflects the holding of Porto v. Armco, Inc., 825 F.2d 1274 (8th Cir.1987). In Porto, the Eighth Circuit expressly recognized that:
 
 
 35
 [a] plan administrator's duty to disclose information to plan participants is another matter, dealt with separately by ERISA [not the common law of trusts]... [A]n administrator who complies with the statutory standard for disclosure cannot be said to have breached [its] fiduciary duty ...
 
 
 36
 Id. at 1276. (emphasis added).
 
 
 37
 More recently, we have definitively, although briefly, confirmed the distinction articulated by the Court in Porto. In Pension Trust Fund v. Fed. Ins. Co., 307 F.3d 944, 950 (9th Cir.2002), we distinguished the broad definition of fiduciary duties under common law as opposed to the limited scope of fiduciary duties under ERISA.
 
 
 38
 In light of ERISA's express explication of the trustee's disclosure requirements and the corresponding inapplicability of common-law obligations, I cannot join the majority's unwarranted expansion of trustee liability. I would affirm the judgment of the district court in its entirety.