**Theodore Paul BROWN, Sr., an individual; et al., Plaintiffs—Appellants,**

v.

**MORTUARY AND CEMETERY BOARD, and Oregon State Administrative Agency, an Oregon State administrative agency; et al., Defendants—Appellees.**

No. 04–35688.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided May 16, 2005.

Terrance J. Slominski, Slominski & Associates, Tigard, OR, for Plaintiffs–Appellants.

Richard D. Wasserman, Esq., AGOR–Office of The Oregon Attorney General, Salem, OR, for Defendants–Appellees.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM **

Theodore Paul Brown, Sr. appeals the district court's dismissal of his action

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

brought under 42 U.S.C. § 1983 and other statutes, alleging that the State of Oregon's Mortuary and Cemetery Board ("Board") and its officials improperly revoked his funeral establishment license on the basis of his race. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal based on judicial immunity, *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir.1999), and a dismissal for failure to state a claim, *Brunette v. Humane Soc'y*, 294 F.3d 1205, 1209 (9th Cir. 2002). We affirm.

█ The district court properly dismissed Brown's claims against the Board in its official capacity because it could not constitute a "person" for the purposes of 42 U.S.C. § 1983 liability. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

█ The district court properly dismissed Brown's claims against the Board officials in their individual capacities under the doctrine of quasi-judicial immunity because Brown's claims are based on actions undertaken in the Board's judicial capacity. *See Romano*, 169 F.3d at 1186–87.

█ The district court was not required to give Brown a notice of the deficiencies contained in his complaint and to give him a chance to amend before dismissal because he was represented by an attorney. *Cf. Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000). Brown had a right to amend his complaint as a matter of course when the district court issued its dismissal because the defendants never filed a responsive pleading, but Brown waived this right by failing to exercise it. *See Shaver v. Operating Engineers Local*

*428 Pension Trust Fund*, 332 F.3d 1198, 1201 (9th Cir.2003).

We decline to consider Brown's contention regarding whether he was given an adequate opportunity to respond to the Defendant's quasi-judicial immunity argument because it was not raised before the district court. *See Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir.1995).

**AFFIRMED.**