MEMORANDUM **
Jack and Galina Hively appeal the district court’s summary judgment in favor of *511 BBA Aviation Benefit Plan and BBA Aviation Shared Services, Inc. (collectively, “BBA”). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. The parties are familiar with the facts; we will not recount them here.
The district court correctly concluded that the Administrative Services Agreement between United Health Care and BBA does not fall within the documents subject to disclosure under 29 U.S.C. § 1024(b)(4). The Agreement governs the relationship between UHC and BBA, not the relationship between the plan participants and the provider. Documents which “relate only to the manner in which the plan is operated” are not subject to disclosure under § 1024(b)(4). Shaver v. Operating Eng’rs Local 428 Pension Trust Fund, 332 F.3d 1198, 1202 (9th Cir.2003).
We agree with the district court that the Hivelys are not eligible for statutory penalties on the basis of the “Benefits Broadcast” dated September 2004. Even assuming the Benefits Broadcast qualifies as a plan document under § 1024(b)(4), the Hivelys admit they received a copy of the Broadcast on September 13, 2004.
The Hivelys have failed to identify any other specific document request which falls within the categories of documents listed in § 1024(b)(4), and was either refused or not fulfilled within thirty days by BBA. Accordingly, they are not entitled to any statutory penalties under 29 U.S.C. § 1132(c)(1).
The judgment of the district court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provid *511 ed by 9 th Cir. R. 36-3.