**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARK ZAVISLAK,

Plaintiff - Appellant,

v.

NETFLIX, INC.,

Defendant - Appellee.

No. 24-4156

D.C. No.
5:21-cv-01811-EJD

MEMORANDUM[*]

MARK ZAVISLAK,

Plaintiff - Appellee,

v.

NETFLIX, INC.,

Defendant - Appellant.

No. 24-4175

D.C. No.
5:21-cv-01811-EJD

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted September 16, 2025
San Francisco, California

Before: M. SMITH and BUMATAY, Circuit Judges, and BARKER, District

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Judge.[**]

Plaintiff Mark Zavislak is the beneficiary through his spouse of a health plan (the Plan) provided by Defendant Netflix, Inc. (Netflix). He appeals an order of the district court denying his request for an injunction mandating Netflix disclose certain documents pursuant to Section 104 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1024(b)(4).[1] Netflix cross-appeals the district court's entry of $765 in statutory penalties in favor of Zavislak. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court's conclusion that Netflix did not need to disclose any additional documents but vacate the district court's entry of statutory penalties against Netflix.

Because the parties are familiar with the facts and background of this case, we provide only the information necessary to give context to our ruling. In early January 2021, Zavislak sent a physical letter to Netflix's corporate headquarters identifying himself as a beneficiary of the Plan and requesting various Plan documents. The letter arrived at Netflix within days. However, most employees

---

[**] The Honorable J. Campbell Barker, United States District Judge for the Eastern District of Texas, sitting by designation.

[1] Section 104 provides, in relevant part, that "[t]he [Plan] administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4).

were working from home due to the COVID-19 pandemic, and Netflix's Benefits Manager did not receive Zavislak's request. A few weeks later, after receiving no response, Zavislak sent a follow-up email to Netflix's registered agent for service of process. Zavislak indicated he was a beneficiary through his wife and stated, for the first time, that his request was pursuant to ERISA Section 104. Netflix responded through counsel, who provided seven summary documents (the Governing Plan Documents) before the end of February. Netflix did not provide Zavislak with its four claims administration agreements (CAAs) with Collective Health Administrators, LLC (Collective Health), Anthem Blue Cross Life & Health Insurance (Anthem), Delta Dental of California (Delta Dental), and Vision Service Plan (VSP), or nine other internal documents (the Ancillary Documents).

Zavislak filed suit against Netflix in the Northern District of California. He soon filed an amended complaint, which is the operative complaint. Zavislak requested penalties from February 26, 2021, onward for Netflix's alleged refusal to furnish the CAAs and Ancillary Documents; injunctive relief compelling Netflix to produce those documents; and injunctive relief to compel Netflix to maintain its Plan according to a written instrument, to the extent that the Plan was not in writing.

The parties filed cross-motions for summary judgment. Without ruling on those motions, the district court ordered the parties to submit proposed findings of

3                                                                                    24-4156

fact and conclusions of law. The district court subsequently found that Netflix was not required to provide any of the CAAs or Ancillary Documents in response to Zavislak's request. However, the district court nonetheless entered $765 in statutory penalties against Netflix for the delayed disclosure of the Governing Plan Documents.

1. The parties dispute the applicable standards of review on appeal. In light of the parties' agreement on how to resolve the case, we review de novo the district court's interpretation of Section 104 and the application of Section 104 to the documents at issue and review for clear error the district court's factual findings as to the documents' content. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563 (2014). We review the district court's penalties award for abuse of discretion. *Id.*

2. Our precedents call for a narrow interpretation of Section 104 in line with the district court's holding. In *Hughes Salaried Retirees Action Committee v. Administrator of the Hughes Non-Bargaining Retirement Plan*, an en banc panel of our court held that Section 104(b)(4) calls for the disclosure only of documents "that provide individual participants with information about the plan and benefits." 72 F.3d 686, 690 (9th Cir. 1995) (en banc). This includes only those documents that permit "the individual participant [to] know[ ] exactly where he stands with respect to the plan—what benefits he may be entitled to, what circumstances may

preclude him from obtaining benefits, what procedures he must follow to obtain benefits, and who are the persons to whom the management and investment of his plan funds have been entrusted." *Id.* (alterations in original) (quoting S. Rep. No. 127, 93d Cong., 2d Sess. (1974), *reprinted in* 1974 U.S.C.C.A.N. 4838, 4863).

The CAAs are not within the scope of Section 104. Aside from limited provisions in the VSP CAA (largely duplicative of documents Zavislak received), the four CAAs govern only the relationship between Netflix and the third parties providing various claims-related services, not the actual benefits to which Plan participants are entitled or the processes Plan participants must undergo to obtain those benefits. *See id.*

Zavislak's arguments to the contrary are unavailing. First, the district court did not improperly rely upon the unpublished decision in *Hively v. BBA Aviation Benefit Plan*, 331 F. App'x 510 (9th Cir. 2009). Rather, its decision was based on *Hughes* and *Shaver v. Operating Engineers Local 428 Pension Trust Fund*, 332 F.3d 1198 (9th Cir. 2003). It also looked to *Hively* because that case concerned a CAA. Second, Zavislak argues that Section 104 explicitly enumerates "contracts" in the list of documents that may be disclosed. *Hughes*, though, did not classify what documents were subject to disclosure under Section 104 by their type but rather by what role they play for the beneficiary. 72 F.3d at 690. Zavislak's

reading of *Hughes* contradicts that decision's own warnings against interpreting Section 104 as a generalized disclosure law.[2]

3. Zavislak also sought the disclosure of the Ancillary Documents that he alleged were "instruments under which the plan is established or operated." The district court correctly held that Netflix did not have to disclose either set of documents pursuant to Section 104. All the Ancillary Documents were either already available to Zavislak or were internal documents that do not bear on where he stands regarding the Plan. *Hughes*, 72 F.3d at 690.

4. Finally, we reverse the district court's award of $765 in penalties against Netflix. Under our circuit's two-step abuse-of-discretion test, we conclude that the district court identified the correct legal standard but that its application of that standard was without support in the factual record. *See United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009). The district court correctly identified 29 U.S.C. § 1132(c)(1)(B), which provides for penalties for a failure to comply with mandatory disclosure requirements. 29 U.S.C. § 1132(c)(1)(B); 29 C.F.R. § 2575.502c-1. The district court also acknowledged Department of Labor disaster orders issued during the COVID-19 crisis that suspended deadlines contained in Title 1 of ERISA until at least March 1, 2021, "if the plan and responsible

---

[2] Zavislak bases his reading of Section 104 largely on out-of-circuit decisions that interpret Section 104 to mandate broad disclosure.

fiduciary act in good faith and furnish the [documents] as soon as administratively practicable under the circumstances." Emp. Benefits Sec. Admin., Disaster Relief Notice 2020-01, https://perma.cc/4UBM-5V27.

Though the district court recognized the suspension of deadlines pursuant to the disaster orders and found that Netflix did not act in bad faith, it nonetheless still imposed $765 in statutory penalties against Netflix. There is insufficient support in the record for statutory penalties: Netflix disclosed all required documents as soon as administratively practicable ahead of the March 1, 2021, disaster order deadline and did not act in bad faith, especially in light of the COVID-19 pandemic. There was, accordingly, no Section 104 violation and no basis for penalties.

We therefore **AFFIRM** the district court's conclusion that Netflix was not required to disclose the CAAs or Ancillary Documents but **VACATE** the entry of $765 in statutory penalties against Netflix.

24-4156