FILED

**NOT FOR PUBLICATION**

MAY 18 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN MATZA, | No. 09-16072 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00217-JCM |
| v. | |
| COUNTRYWIDE HOME LOANS, INC., a Delaware corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; RECONTRUST COMPANY, a Nevada corporation, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted May 12, 2011
San Francisco, California

Before: GOULD and M. SMITH, Circuit Judges, and ST. EVE, District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Amy J. St. Eve, United States District Judge for the Northern District of Illinois, sitting by designation.

Because the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition.

As the Defendants-Appellees concede, Matza's claim under the Truth in Lending Act (TILA), 15 U.S.C. § 1641(f)(2), is not barred by the statute of limitations. TILA claims must be filed "within one year from the date of the occurrence of the violation," 15 U.S.C. § 1640(e), and Matza alleges that Countrywide violated § 1641(f)(2) by failing to respond to his written requests mailed on June 19, 2008, and August 9, 2008. The complaint, filed on February 3, 2009, was therefore timely.

Because the district court erroneously dismissed the TILA claim on timeliness grounds, and because we need "not consider an issue not passed upon below," we remand for the district court to consider the merits of the TILA claim in the first instance. *Golden Gate Hotel Ass'n v. City & Cnty. of San Francisco*, 18 F.3d 1482, 1487 (9th Cir. 1994) (internal quotation marks omitted).

With respect to Matza's remaining claims, the district court abused its discretion by dismissing the complaint without granting leave to amend. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). "Because the district court did not determine, nor can we conclude, that the allegation of other facts could not possibly cure the deficiencies in [Matza's] complaint, the district court abused its

discretion in dismissing the complaint with prejudice." *Id.* (alteration and internal quotation marks omitted). "[T]he rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant" such as Matza. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc) (internal quotation marks omitted). On remand, the district court should give Matza an opportunity to amend the complaint, *see id.* at 1130–31, including an opportunity to "state an alternative theory for recovery," *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Matza's motion requesting judicial notice is denied.

**REVERSED and REMANDED.**