NOONAN, Circuit Judge:
John Doe appeals two judgments of the district court in favor of the United States in the above cases, which we have consolidated for purposes of decision on these appeals. We reverse the district court.

PROCEEDINGS

On June 4, 1993, Doe filed a complaint under the Federal Tort Claims Act (the FTCA) alleging that in October 1988 he began to assist the FBI in undercover work laundering money on behalf of members of the Medellin Cartel; that on November 13, 1990, he entered into a contract with the FBI by which he would be awarded a portion of the proceeds from each investigative case which he assisted; that the FBI promised him “that his identity as an informant and undercover operative would be protected at all costs”; that he assisted the FBI in luring two members of the cartel, Julio and Nacho, out of Columbia to Venezuela on the understanding with the FBI that their arrest would take place in a way that would preclude suspicion from falling on him, but that in fact the FBI arrested Julio and Nacho on a boat in Venezuela and, in order to persuade Julio and Nacho to become informants, the FBI disclosed to them that Doe had been serving as an FBI informant, thereby placing Doe, his wife and his daughter at serious risk of injury or death.
Pursuant to the FTCA Doe submitted claims to the FBI under both the FTCA and the Contract Disputes Act for $39,980,000 for damages allegedly incurred by these actions; the claims were rejected. Thereupon Doe brought his action in the district court, setting out three claims: (1) breach of the implied covenant of good faith and fair dealing by failing to maintain the confidentiality of his role in the undercover operation, “especially by disclosing plaintiffs role to Nacho and Julio for no good reason” and “unnecessarily placing plaintiff and his family’s security at risk”; (2) breach of the fiduciary duty, assumed by the FBI in accepting his assistance, to avoid unnecessarily putting him and his family at risk of death or injury; and (3) breach of the contract entered into with the FBI.
The contract was attached as an exhibit to the complaint. In relevant part it provided that the FBI would request payment of an *496 award to Doe from assets obtained through forfeiture based on information provided by him concerning violations of the criminal drug laws but that the agreement “in no way constitutes a guarantee that such an award will be made or the amount of any such award.” The contract further provided that at the time which the FBI “deems appropriate” it would request the Department of Justice to “provide witness protection, relocation, and related security service in accordance with applicable Federal laws and regulations.” Doe agreed, “when directed by the FBI, to testify and furnish all information in his possession” related to the investigations. Under the heading “Confidentiality” Doe agreed that he would “in no way reveal the confidentiality and sensitive nature of this investigation or identify any undercover FBI agents.” No similar provision was made as to the revelation of Doe’s identity. The contract further provided: “This document constitutes the full and complete agreement between Doe and the FBI. Modifications to this agreement will have no force and effect unless and until such modifications are reduced to writing and signed by all parties thereto.”
On August 23, 1993, the government moved to dismiss the complaint on the ground that the district court lacked jurisdiction. Doe responded by agreeing that his contract claim should be transferred to the United States Court of Federal Claims, but contended that there were two questions of fact as to the court’s jurisdiction over his tort claims. The government had argued that the complaint itself disclosed that the tort took place in a foreign country and that, therefore, the FTCA did not apply. Doe argued that the complaint did not allege that the disclosure took place in Venezuela and further argued that the disclosure of Doe’s identity to Julio and Nacho took place on an American flag vessel on the high seas. In support of this argument, Doe submitted the declaration of his lawyer which stated the lawyer’s belief that Julio and Nacho were taken out to sea and put upon a United States Coast Guard vessel where their interrogation and the disclosure of Doe’s identity took place. Doe further argued that “the FBI agents who participated in the arrest may very well have made the decision to betray plaintiffs identity long before arriving in Venezuela ... or the agents involved in the arrest were inadequately trained for the specific operation.” In either case, a “headquarters claim”, Doe urged, defeated the “foreign country exception.”
The district court transferred the contract claim to the United States Court of Federal Claims. The district court dismissed the FTCA claims with prejudice and entered judgment for the United States; the district court did not give reasons for its action. Doe appeals this judgment.
While the FTCA appeal was pending before this court, Doe filed his contract claim in the United States Court of Federal Claims. The government pointed out that the pending FTCA appeal deprived that court of jurisdiction. On March 11,1994, with Doe’s consent, the Court of Claims dismissed the case without prejudice for lack of jurisdiction.
Meanwhile, Doe had entered bankruptcy. The Internal Revenue Service filed proofs of claims against him for over $750,000 in back taxes. Doe filed an adversary proceeding by way of setoff, asserting the same FTCA and contract claims he had originally presented in the district court.
On the government’s motion the adversary proceedings were withdrawn from the bankruptcy court to the district court and assigned to the same judge who had presided over the earlier ease in the district court. Doe moved to reconsider or vacate the withdrawal, contending that he had received inadequate notice and that his claims involved core bankruptcy issues that the bankruptcy court should resolve. After a hearing the district court denied the motion to reconsider or vacate and granted the government’s motion to dismiss on the ground of res judicata. Doe appeals this judgment. As noted, we have consolidated the two appeals.

ANALYSIS

The Amendability Of The Complaint In Tort

Under Fed.R.Civ.Proc. 15(a), “a party may amend his pleading once as a matter of *497 course at any time before a responsive pleading is served.” This court has held that “a motion to dismiss is not a ‘responsive pleading’ within the meaning of the Rule. Neither the filing nor granting of such a motion before answer terminates the right to amend; an order of dismissal denying leave to amend at that stage is improper.” Schreiber Distributing v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986). “It is of no consequence that no request to amend the pleading was made in the district court.” Id.
The dissenting opinion vigorously portrays the difficulties the plaintiff faces in successfully amending his complaint to overcome the barrier of sovereign immunity as it is preserved in the Federal Tort Claims Act; indeed the dissent maintains that successful amendment is impossible. We are unwilling to anticipate what theory an ingenious but fair pleader might produce and what constellation of facts might be alleged that might overcome the bar. We take explicit issue with the dissent on one point: that the Federal Tort Claims Act does not permit a suit for any governmental action taken in the course of an international undercover operation against drugs, because, so the dissent maintains, an individual would never act in “like circumstances”, and the government has waived its immunity only as to torts committed by private persons in “like circumstances.” Any governmental operation is different from any private action; what is meant by “like circumstances” is analogous circumstances not identical ones. For example, even if no private person ran a lighthouse to aid navigation, the government would be liable for negligently running a lighthouse because a private person would be liable for negligently undertaking to help another; the broad analogy makes the circumstances “like”; they need not be “the same.” Indian Towing Co. v. United States, 350 U.S. 61, 64-66, 76 S.Ct. 122, 124-25, 100 L.Ed. 48 (1955). A private company might well be liable in tort if, in the course of seeking information about the products of an unscrupulous competitor, it exposed its own employee to the risk of torture or death at the latter’s hands. We do not mean that this illustration is the case at bar; it is merely suggestive of how tortious private action could be analogous to tortious governmental action.
In dismissing for failure to state a claim, “a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.” Cook, Perkiss & Liehe v. N. Cal. Collection Service, 911 F.2d 242, 247 (9th Cir.1990). As in Schreiber, the record here contains “no indication of such a determination.” See also Bonanno v. Thomas, 309 F.2d 320, 322 (9th Cir.1962). In fact, the district court provided no justification for its dismissal of Doe’s tort claims at all. “Because the district court did not determine, nor can we conclude, that the allegation of other facts could not possibly cure the deficiencies in [Doe’s] complaint, the district court abused its discretion in dismissing [the complaint] with prejudice.” Schreiber, 806 F.2d at 1401.
We conclude, therefore, that the district court erred in dismissing Doe’s tort claims without leave to amend and in not granting Doe an opportunity to conduct discovery into the relevant jurisdictional facts.

The Bankruptcy Setoff

As the tort case is not res judicata, the bankruptcy set-off cannot be decided on that basis. Doe’s contention that the district court withdrew the case from the bankruptcy court without notice to him states a criticism that was met by the district court’s subsequent hearing on Doe’s motion to reconsider. But, as the district court erroneously applied res judicata, the possibility of setoff is still open. A question is presented that is not governed by the FTCA and that is not to be decided by the terms and defenses provided in the FTCA.
By filing a claim in the bankruptcy case, the United States has waived sovereign immunity to the extent of that claim. 11 U.S.C. § 106, ‘Waiver of Sovereign Immunity,” provides:
(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate *498 and that arose out of the same transaction or occurrence out of which such governmental unit’s claim arose.
(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.
Doe does not argue, nor does it appear, that his tort claims against the FBI arose from the same transaction or occurrence as the IRS’s claims against him. Section 106(a) does not apply; Doe may not obtain an affirmative recovery against the United States in the bankruptcy action. The question is whether, under § 106(b), Doe may offset any judgment he may obtain versus the FBI against the IRS’s liquidated tax claims.
The waiver of immunity is only as to the governmental unit making the claim. The difficult question is whether the United States as a whole is a “governmental unit” for purposes of the statute or whether each agency of the United States must be taken separately, so that a debt of the FBI could not be setoff against the claim by the IRS.
The definitional provisions of the bankruptcy code are not helpful. A governmental unit is defined as:
United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government.
11 U.S.C. § 101(27). The definition merely restates the problem.
On this appeal the United States has taken the position that “governmental unit” refers to the United States as a whole and not to particular agencies. Instructed by this court to consult the Solicitor General’s office, the IRS and other federal agencies which are frequent claimants in bankruptcy, the United States has repeated this position, noting only that certain federal agencies such as the Federal Deposit Insurance Corporation are viewed as separate governmental units when they act in their private receivership capacity. Otherwise, the United States represents itself as ready to be considered as a single, unitary debtor.
The United States reaches this position out of a commendable sense of fairness and reciprocity because it often seeks to be treated as a single unitary creditor under the offset provisions of 11 U.S.C. § 553. The United States has been successful in asserting such a position as a creditor. See e.g., Luther v. United States, 225 F.2d 495, 498 (10th Cir.1954). It is also treated as a single creditor when it asserts priority for its debt. See e.g., Small Business Administration v. McClellan, 364 U.S. 446, 450, 81 S.Ct. 191, 194-95, 5 L.Ed.2d 200 (1960).
Faced with these authorities and this reasoning, we now hold that as a matter of law, for purposes of waiver of sovereign immunity and setoff under 11 U.S.C. § 106, all agencies of the United States, except those acting in some distinctive private capacity, are a single governmental unit.
In the bankruptcy setoff action the United States has waived sovereign immunity to the extent of the IRS’s claim against the estate. If Doe is able to prevail against the United States on his tort claims, the IRS’s claims against the bankruptcy estate may be reduced by the liquidated amount of Doe’s tort judgment. Doe’s FTCA complaint is still deficient because it does not indicate where the alleged tort occurred. On remand, Doe should have the opportunity to amend his complaint to state where he alleges the tort took place.
As the tort claim and the bankruptcy setoff are still pending in the district court, it is inappropriate at this time to send the contract claim back to the Court of Claims.
REVERSED and REMANDED for proceedings consistent with this opinion.