Patricia DOUGLASS–WOODRUFF,
Plaintiff–Appellant,

v.

State of NEVADA, a governmental enti-
ty, EX REL. ITS DEPT. OF MEN-
TAL/HEALTH RETARDATION, DIV.
OF RURAL CLINICS, CARSON
MENTAL HEALTH FACILITY; Mar-
ilyn Newell, an individual, Defen-
dants–Appellees.

No. 00–15580.
D.C. No. CV 98–00678–DWH–(RAM).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2001.

Decided Nov. 30, 2001.

Before GOODWIN, HUG, and
THOMAS, Circuit Judges.

MEMORANDUM *

Plaintiff Patricia Douglass–Woodruff ap-
peals the judgment dismissing her claims
under Title VII of the Civil Rights Act of
1964 (42 U.S.C. § 2000e *et seq.*) and 42
U.S.C. § 1983, and as well as her state law
claims. The case arose out of conditions of
her employment as a staff psychologist
with the State of Nevada under the super-
vision of Defendant Marilyn J. Newell.
We reverse and remand.

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as provided by 9th Cir.
R. 36–3.

Plaintiff's amended complaint alleged claims against the State of Nevada which the district court dismissed pursuant to the Eleventh Amendment; the dismissal of these claims is not being appealed. Her claims against Defendant Newell were dismissed *sua sponte* because the complaint failed to allege that she had complied with the pre-litigation requirements of 42 U.S.C. § 2000e–5(b). Plaintiff had in fact complied and had obtained a "right to sue" letter, but had simply failed to so allege in her complaint. Plaintiff was entitled to amend her complaint. When she filed a motion to reconsider instead of a motion for leave to amend, her motion was denied.

On remand, the district court should grant a timely motion to amend. "[D]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir.1996)). "[I]n a line of cases stretching back nearly 50 years, we have held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend *even if no request to amend the pleading was made*, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (emphasis added) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995)). Douglass–Woodruff's pleading could be saved by an amendment that alleges that she exhausted her administrative remedies with the EEOC.

The district court dismissed Plaintiff's § 1983 claim on the basis of *res judicata*. We reverse the dismissal of the § 1983 claim because the facts pertinent to Plaintiff's § 1983 claim differ from those that the Nevada statute permits to be adjudicated in Plaintiff's administrative appeal. Nevada Statute § 284.390, the section under which Plaintiff brought her administrative appeal, permits the adjudication of the reasonableness only of a dismissal, demotion or suspension, and provides only reinstatement and back pay as remedies. Nevada Administrative Code § 281.305 grants a hearing to state employees who claim that reprisal or retaliatory action was taken against them for disclosing information concerning improper governmental action, but provides only injunctive relief. Therefore, the Nevada administrative appeal process does not provide Plaintiff with the same remedies that § 1983 does.

No party is to recover costs on this appeal. If the case is not disposed of on remand, any costs incurred thereafter can abide the final disposition of the case.

Reversed and remanded.