**Johnny Frank RIVAS, Plaintiff— Appellant,**

v.

**COUNTY OF LOS ANGELES; et al., Defendants—Appellees.**

**No. 01–56493.**
**D.C. No. CV–01–04093–DDP.**

United States Court of Appeals, Ninth Circuit.

---

Submitted June 10, 2002.*

Decided June 17, 2002.

Before O'SCANNLAIN, BERZON, and RAWLINSON, Circuit Judges.

## MEMORANDUM**

California state prisoner Johnny Frank Rivas appeals pro se the district court's judgment sua sponte dismissing his civil rights action alleging the defendants deliberately lost his personal property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e). *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order). We affirm.

The district court properly determined that Rivas failed to state a section 1983 claim because California law provides an adequate remedy for the loss of his property. *See Barnett v. Centoni,* 31 F.3d 813, 816–17 (9th Cir.1994) (per curiam) ("[N]egligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."). Rivas similarly failed to state a claim under 42 U.S.C. §§ 1981 or 1985. *See Imagineering, Inc. v. Kiewit Pac. Co.,* 976 F.2d 1303, 1313 (9th Cir.1992) (42 U.S.C. § 1981); *Portman v. Cty. of Santa Clara,* 995 F.2d 898, 908–09 (9th Cir.1993) (42 U.S.C. § 1985).

The district court properly denied leave to amend because it was "clear that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States (In re Doe),* 58 F.3d 494, 497 (9th Cir.1995) (quotation omitted).

Rivas's remaining contentions lack merit.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. Rule 36–3.

