**FIDELITY MORTGAGE CORPO-RATION, an Arizona corporation, Plaintiff,**

v.

**SEATTLE TIMES COMPANY, a Delaware corporation, and Arboretum Mortgage Corporation, a Washington corporation, and Alpine Mortgage Services, Inc., a Washington corporation, Defendants.**

No. C02–2516C.

United States District Court, W.D. Washington.

March 13, 2003.

Gregory P. Cavagnaro of Cavagnaro/Foster, Seattle, WA, for plaintiff.

Bruce E.H. Johnson of Davis Wright Tremaine LLP, Seattle, WA, for defendant Seattle Times Company.

Thomas S. Hayward, Seattle, WA, for defendant Arboretum Mortgage Corporation.

Michael C. Malnati of Reed, Longyear, Malnati & Ahrens, P.S., Seattle, WA, for defendant Alpine Mortgage Services, Inc.

## ORDER

COUGHENOUR, Chief Judge.

This matter comes before the Court on plaintiff's motion for an order of default (Dkt. No. 18) and on defendant Seattle Times Co.'s motion to dismiss (Dkt. No. 5). The Court has considered the papers submitted by the parties and determined that oral argument is not necessary. The Court hereby finds and rules as follows.

Plaintiff's First Amended Complaint ("Complaint") alleges defendants are in violation of the Federal Truth in Lending Act, 15 U.S.C. § 1601, the Washington Mortgage Broker Practices Act, RCW § 19.146.010, and the Washington Consumer Protection Act, RCW § 19.86.010. (Dkt. No. 1, Ex. A). All of plaintiff's claims rest on the allegation that defendant Seattle Times Co. "knowingly publish[es] false, deceptive, and/or misleading Interest Rates in [their] Print and Online publications." Complaint at 7. Plaintiff alleges defendants Arboretum Mortgage Corp. and Alpine Mortgage Services have submitted "false, deceptive, and misleading Interest Rates" to the Seattle Times Co. *Id.* Plaintiff seeks monetary damages and an injunction prohibiting defendants from "publishing and/or advertising false and/or misleading Interest Rates." *Id.* at 8.

Plaintiff moves the Court for an entry of default against defendant Seattle Times Co. for failure to answer its Complaint. Fed. R.Civ.P. 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend* as provided by these rules and that fact has been made to appear by affidavit or otherwise, the clerk shall enter the party's default." (emphasis added). Through its motion to dismiss, the Seattle Times Co. has "otherwise defend[ed]" in response to plaintiff's Complaint.[1] Accordingly, plaintiff's motion for entry of default is without merit.

---

1. *See also* Fed.R.Civ.P. 12(a)(4) (stating that if a motion is filed pursuant to Rule 12, the time period allotted for a responsive pleading is altered and such responsive pleadings "shall be served within 10 days after notice of the court action" on the motion).

■ Defendant Seattle Times Co. responds to plaintiff's Complaint by moving the Court to dismiss it for failure to plead allegations of fraud with particularity and for failure to state a claim upon which relief can be granted.[2] Fed.R.Civ.P. 9(b) states that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Generally, a complaint asserting fraud must adequately specify the statements it claims are false or misleading, give particulars as to the respect in which plaintiff contends the statements are fraudulent, state when and where the statements were made, and identify those responsible for the statements. *In re Glen-Fed, Inc. Sec. Litigation,* 42 F.3d 1541, 1547 n. 7 (9th Cir.1994) (citing Moore's 2d Ed.1994 § 9.03 at 9–19–21). The plaintiff also "must set forth what is false or misleading about a statement, and why it is false." *Id.* at 1548.

This heightened-pleading standard must be construed in connection with Fed.R.Civ.P. 8. Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Other circuits have held that the requirements of Rule 9(b) should be interpreted "in harmony with the principles of notice pleading." *Abels v. Farmers Commodities Corp.,* 259 F.3d 910, 920 (8th Cir.2001); *see also Michaels Bldg. Co. v. Ameritrust Co.,* 848 F.2d 674, 679 (6th Cir.1988) ("Rule 9(b)'s particularity requirement does not mute the general principles set out in Rule 8; rather, the two rules must be read in harmony."); 2 Moore's Federal Practice § 9.03[7] (3d ed.2001). Thus, courts adhere to the general principle of notice pleading, but require increased specificity when parties plead allegations of fraud.

■ The threshold issue in the instant case is whether plaintiff made an averment of fraud in its Complaint. Even with regard to complaints that do not specifically plead fraud, the Ninth Circuit has consistently held that cases that are "grounded in fraud" or "sound in fraud" must satisfy the particularity requirement of Rule 9(b). *Vess v. Ciba-Geigy Corp.,* 317 F.3d 1097, 1103–04 (9th Cir.2003). In addition to specifically alleging an "ongoing consumer fraud," the Court finds that plaintiff's Complaint evidences allegations that "sound in fraud." [3] According to its Complaint, plaintiff asserts three statutory violations as the basis of its suit. All three statutory claims are premised on the allegation that the Seattle Times Co. "knowingly publish[ed] false, deceptive, and/or misleading information" damaging to the plaintiff. This cause of action, while plead under federal and state statutes, mirrors the elements of an action for fraud. Plaintiff's Complaint is thus "grounded in fraud" and subject to Rule 9(b).

Having found that plaintiff's allegations are subject to heightened-pleading requirements, the Court turns to whether the Complaint complies with these requirements. Plaintiff's Complaint sets forth with sufficient particularity the statements it claims are false (the Seattle Times's "compilation of residential mortgage loan and refinancing interest rates"), when and where that information was published ("in newspaper articles respectively entitled, 'Fall/Winter/Spring/Summer Mortgage Rates'"), and the identity, at least in part, of those responsible for the publication (the Seattle Times Co.). Complaint at 4–6. However, the Court finds that plaintiff's Complaint fails to "give particulars as to the respect in which plaintiff contends the statements are fraudulent." [4] In other words, the Complaint fails to set-forth *why* the information published by the Seattle Times Co. is false or misleading. Plaintiff's failure to plead this with particularity results

2. *See Vess v. Ciba-Geigy Corp.,* 317 F.3d 1097, 1107–08 (9th Cir.2003) ("A motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim.").

3. The elements of fraud consist of false representation in reference to a material fact made with knowledge of its falsity and with the intent to deceive with action taken in reliance upon the representation. *Hart v. McLucas,* 535 F.2d 516, 519 (9th Cir.1976) (citing *Pence v. United States,* 316 U.S. 332, 338, 62 S.Ct. 1080, 86 L.Ed. 1510 (1942)).

4. The Court does not consider evidence outside the pleadings when ruling on a motion to dismiss. Accordingly, plaintiff's motion to strike the exhibits attached to Ron Greene's Declaration is hereby GRANTED.

in a lack of adequate notice to the Court and to the defendants as to the nature plaintiff's claim and is therefore contrary to the rule of law set forth above.

Rather than dismissing a case under Rule 9(b) it is preferable that the district court grant plaintiff leave to amend the complaint even if no request to amend was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995); *see also Hokama v. E.F. Hutton & Co.*, 566 F.Supp. 636, 646 (C.D.Cal. 1983) (dismissing case with leave to amend for failure to comply with Rule 9(b)). Therefore, the Court grants defendant's motion to dismiss, but grants plaintiff leave to amend its Complaint to comply with Rule 9(b). Plaintiff must file a sufficiently plead Third Amended Complaint with the Court within 20 days of entry of this Order.

Accordingly, plaintiff's motion for default is hereby DENIED. Defendant Seattle Times Co.'s motion to dismiss is hereby GRANTED with leave to amend.