**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NANCY LAGRANGE, guardian ad litem of Alize Martinez; JOSIE GARCIA, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> STEVEN HATCHER, an individual; NEVADA, STATE OF, its Gaming Control Board; A-1 CHEMICAL, INC., a Nevada Corporation; BRAD PHILLIPS, an individual; STATE GAMING CONTROL BOARD, <br><br> Defendants - Appellees. | No. 10-16787 <br><br> D.C. No. 3:09-cv-00681-LRH-RAM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted July 18, 2011
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: TASHIMA and RAWLINSON, Circuit Judges, and RAKOFF, Senior District Judge.[**]

Josie Garcia and Nancy LaGrange, guardian ad litem of Alize Martinez (Alize), (collectively, Plaintiffs), appeal the district court's dismissal of their 42 U.S.C. § 1983 complaint, which alleged, *inter alia*, that Steven Hatcher, an enforcement agent of the Nevada Gaming Control Board, and the Nevada Gaming Control Board, (collectively, State Defendants), acted with deliberate indifference to their Fourteenth Amendment due process rights when Hatcher fatally shot Santiago Ray Martinez (Martinez), Garcia's son and Alize's father.

1.      The district court abused its discretion when it dismissed the claims against the State Defendants without oral argument and without providing Plaintiffs the opportunity to amend the complaint because the factual findings contained in the district attorney's report regarding the shooting incident raised the spectre of a plausible claim under 42 U.S.C. § 1983 against Hatcher. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (holding that a district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed repeatedly to cure the complaint's

_____

[**]      The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

2

deficiencies despite repeated opportunities); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (citation omitted).

2.      Plaintiffs' opening brief does not assert any claims against Defendants-Appellees A-1 Chemical, Inc., and Brad Phillips.  We deem these claims abandoned and affirm the district court's dismissal of all claims against them.  *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 n.3 (9th Cir. 2009).

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**  The parties are to bear their own respective costs.