**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 07 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PHILIP JACKSON LYONS,

    Plaintiff-Appellant,

 v.

A. DICUS; et al.,

    Defendants-Appellees.

No. 15-15804

D.C. No.
2:14-cv-01813-APG-VCF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted September 2, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Phillip Jackson Lyons ("Lyons"), a former Nevada state prisoner, appeals pro

se from the dismissal with prejudice of his 42 U.S.C. § 1983 action raising First and

Eighth Amendment violations by employees of the Southern Desert Correctional

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Center ("SDCC"), Correctional Officer A. Dicus, Warden Brian Williams, Sr., and Nevada Department of Corrections Director James G. Cox.[1]

We review the dismissal de novo, *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012), and refusal of leave to amend for abuse of discretion, *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand so that Lyons may be afforded leave to amend his initial complaint.

Lyons' principal allegation is that Dicus chilled his right to file grievances and endangered his health and safety by referring to prison grievance forms as "snitch kites" within earshot of other prisoners. Lyons and a fellow inmate requested grievance forms when Dicus refused to release them to the prison library to retrieve their legal mail at their designated time. Fearful that he would be perceived as a snitch and thus targeted by other prisoners, Lyons declined to take a grievance form.

The complaint also recounts Dicus announcing his dislike for grievances and stating that he would "'begin working really hard' were grievances to be filed against

---

[1] Lyons' appellate brief also requests that this court review for abuse of discretion the district court's denial of his Rule 60(b) motion to reconsider. As we reverse the initial dismissal with prejudice of his claims, we need not reach his motion to reconsider.

2

him." That Dicus also allegedly singled out two other inmates who had filed grievances—one inmate endured a cell search and racial slurs, removal from his unit, confiscation of his television, and transfer to another institution, and the other inmate was subjected to an extended cell search and religious and racial insults—"thoroughly convince[d]" Lyons that filing a grievance against Dicus would subject him to similar retaliation. Lyons further avers that Williams and Cox knowingly failed to take steps to curb Dicus's purportedly retaliatory and abusive behavior towards Lyons and the other prisoners.

Favorably construed, Lyons' complaint raises constitutional claims for retaliation, unsafe prison conditions, and denial of access to the courts. He seeks compensatory and punitive damages as well as injunctive relief.

A First Amendment retaliation claim in the prison context entails five elements: (1) a state actor's adverse action towards an inmate (2) because of (3) the inmate's protected conduct (4) such that the action chilled the inmate's exercise of First Amendment freedoms, and (5) the action "did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). A sufficiently adverse action need not involve "an explicit, specific threat of discipline or transfer." *Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009) (citation omitted). Rather, the relevant question is whether the alleged statements by the defendant could

3

reasonably be interpreted by a person of ordinary firmness "as intimating that some form of punishment or adverse regulatory action would follow."  *Id.* (internal quotation marks and citations omitted). A prisoner need not plead his rights were completely silenced to perfect his claim.  *Rhodes*, 408 F.3d at 568-69.  Nor is it relevant that another inmate in similar circumstances did elect to lodge a grievance form.  *See id.*

The district court erred in dismissing Lyons' First Amendment claim with prejudice on the grounds that Dicus engaged in no actual adverse action against Lyons, and Dicus's use of the term "snitch kite" did not result in any serious threat against him from other inmates.  Lyons avers that "Dicus was well aware that being perceived as a snitch in the prison context posed a substantial risk to plaintiff's health and safety at the hands of fellow prisoners . . . ."  Moreover, Dicus's announcement that he would work against those who file grievances, combined with the manner in which he made good on this threat by singling out two other inmates who did file grievances about him, taken as true, could comprise adverse conduct that reasonably chilled Lyons' exercise of his First Amendment rights.  Thus, leave to amend would not, as the district court concluded, necessarily be futile.

It was also error to dismiss with prejudice Lyons' Eighth Amendment claim based on unsafe prison conditions.  The Eighth Amendment encumbers prison

officials with a duty to provide humane conditions of confinement, including a responsibility to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). A prison official may only be held liable for a violation of this responsibility where the prisoner can establish that the official acted with deliberate indifference to subject the prisoner to conditions posing a substantial risk of serious harm. *Id.* at 834. Lyons alleges Dicus was aware of the danger in which he placed a prisoner by labeling him a snitch. While Lyons does not allege specific facts about this danger, or state he was actually threatened by other inmates, his complaint does allege that Dicus retaliated against other inmates who did file grievances. And while Lyons does not allege that those inmates suffered any serious harm or threat of harm from other inmates, it does not follow that Lyons could not specify the specific danger associated with being a snitch to which he refers in the initial complaint in an amended pleading.

**REVERSED AND REMANDED.**