**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOC'S DREAM, LLC,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>DOLORES PRESS, INC. and MELISSA SCOTT,<br><br>Defendants-Appellees. | No.    15-56096<br><br>D.C. No.<br>2:15-cv-02857-R-PLA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted February 9, 2017[**]
Pasadena, California

Before:  THOMAS, Chief Judge, NGUYEN, Circuit Judge, and AMON,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

Doc's Dream, LLC ("Appellant") appeals the district court's order dismissing this declaratory action for failure to state a claim under Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a). We have jurisdiction under 12 U.S.C. § 1291 and review de novo a dismissal without leave to amend. *Dumas v. Kipp*, 90 F.3d 386, 389 (9th Cir. 1996). We review for abuse of discretion, however, a district court's denial of leave to amend. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008). Because the parties are familiar with the facts and the procedural history, we will not recount them here.

The district court correctly concluded that Appellant failed to adequately plead its copyright abandonment claim under the requirements of Rule 8. Fed. R. Civ. P. 8(a). Appellant did not allege in its complaint that Dr. Eugene Scott actually owned any copyrights to the audio and video recordings that he created to promote his ministry. Because copyright ownership is a prerequisite for abandonment, *see Hampton v. Paramount Pictures Corp.*, 279 F.2d 100, 104 (9th Cir. 1960), Appellant's complaint does not "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).

However, the district court should have given Appellant an opportunity to amend its complaint. "[I]n a line of cases stretching back nearly [65] years, we

2

have held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002). Moreover, "[a]n outright refusal to grant leave to amend without a justifying reason is . . . an abuse of discretion." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)).

Here, the district court offered no reason why Appellant could not simply amend its complaint to allege that Dr. Scott once held the copyrights to his works. Furthermore, it dismissed Appellant's complaint on a ground that Defendants did not raise and neither party briefed. *See Jewel v. Nat'l Sec. Agency*, 673 F.3d 902, 907 n.3 (9th Cir. 2011) (concluding that the "district court erred in denying . . . leave to amend" where it "sua sponte dismissed the complaint on standing grounds"). We therefore remand to the district court with instructions to grant Appellant leave to amend.

3

AFFIRMED in part, REVERSED in part, and REMANDED.