**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BARON BEMENT, | No. 15-17225 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-00475-MMD-WGC |
| v. | |
| JAMES G. COX and GREG SMITH, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted April 18, 2017**
San Francisco, California

Before: D.W. NELSON and IKUTA, Circuit Judges, and BURGESS,*** Chief
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Timothy M. Burgess, United States Chief District
Judge for the District of Alaska, sitting by designation.

Baron Bement appeals the district court's entry of summary judgment in favor of the Nevada Department of Corrections (NDOC) on his claim under section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Bement also appeals the district court's alternative holding, dismissal for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

The district court erred in granting summary judgment on a ground not raised in the Appellees' initial motion because the district court did not give Bement "notice and a reasonable time to respond." Fed. R. Civ. P. 56(f); *see also Norse v. City of Santa Cruz*, 629 F.3d 966, 972–73 (9th Cir. 2010) (en banc). Bement was not required to invoke section 504 by name in his complaint. *See Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) (per curiam).

The district court also erred in dismissing Bement's section 504 claim for failure to state a claim without giving him the opportunity to amend his complaint. Absent a determination that the complaint "could not possibly be cured by the allegation of other facts," the district court was required to grant leave to amend. *See, e.g.*, *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**REVERSED and REMANDED.**