**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ETHAN VOLUNGIS; FAROOQ ABDULLA; NIGHAT ABDULLA, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> LIBERTY MUTUAL FIRE INSURANCE COMPANY, <br><br> Defendant-Appellee. | No.  18-16600 <br><br> D.C. No. 2:17-cv-02247-JCM-VCF <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted March 26, 2020[**]
Las Vegas, Nevada

Before:  W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

After Appellant Ethan Volungis was injured in a car accident caused by

Farooq Abdulla, he contacted Abdulla's insurer, Appellee Liberty Mutual Fire

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Liberty Mutual's motion for oral argument (Dkt. No. 23) is denied.

Insurance Company, offering not to pursue civil action against Abdulla in exchange for payment of the full limit of Abdulla's policy and several other conditions. Liberty Mutual responded by offering to pay the full policy limit, but did not meet Volungis's other conditions. Volungis then sued Abdulla in Nevada state court, ultimately receiving a jury verdict of over $6 million. Abdulla eventually assigned to Volungis all of his rights against Liberty Mutual arising out of its handling of Volungis's claim. In exchange, Volungis agreed not to execute on Abdulla's assets to satisfy the judgment.

Volungis then sued Liberty Mutual, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of Nevada's Unfair Claims Practices Act. The district court dismissed Volungis's complaint with prejudice without considering whether Volungis could have cured the deficiencies in his complaint by amending it. While dismissal was proper, Volungis should have been given an opportunity to amend. We therefore affirm dismissal, but reverse to the extent that dismissal was with prejudice, and remand to allow Volungis the chance to amend.

1.     Volungis's claim for breach of contract arises out of Liberty Mutual's failure to settle his claim against Abdulla. But under Nevada law, the duties that arise under the implied covenant of good faith and fair dealing—like the duty to

settle—are imposed by law and not the terms of the insurance contract. *Allstate Ins. Co. v. Miller*, 212 P.3d 318, 330 (Nev. 2009) (en banc). There is no independent unwritten contractual duty to settle. Therefore, claims for failure to settle sound in tort, not contract, and this claim fails as a matter of law.

2.      Under Nevada law, the implied covenant of good faith and fair dealing arises out of every contractual relationship and "prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other." *Nelson v. Heer*, 163 P.3d 420, 427 (Nev. 2007). An insurer breaches this duty when it refuses to compensate covered losses even though it has "an actual or implied awareness of the absence of a reasonable basis for denying benefits of the policy." *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354–35 (Nev. 1986) (per curiam).

Volungis alleges that Liberty Mutual breached the implied covenant in two ways: (1) failing to settle his claim against Abdulla, and (2) failing to communicate his settlement offer to Abdulla. Volungis's first theory fails because he has failed to allege any unreasonable or arbitrary conduct on Liberty Mutual's part. *See Miller*, 212 P.3d at 324, 326. He does not allege that Liberty Mutual countered his settlement offer in bad faith or without a reasonable basis. Volungis raises several arguments before this court about whether Liberty Mutual could have easily obtained the information he requested with his settlement offer and Liberty

3

Mutual's understanding of Volungis's need to obtain that information, but none of those allegations appear in the complaint.

Volungis's second theory fails because he does not allege that Liberty Mutual failed to communicate his initial settlement offer to Abdulla. To the extent that Volungis argues that this theory is premised on Liberty Mutual's failure to communicate a second settlement offer to Abdulla, that contention is not clear from the face of the complaint.

3. Volungis's claim for violations of Nevada's Unfair Claims Practices Act offers no supporting facts outside of reciting the language of several subsections without citation. That alone is sufficient grounds for dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that mere recitation of the elements of a cause of action is insufficient to state a claim).

4. Federal Rule of Civil Procedure 15(a)(2) requires district courts to "freely give leave [to amend] when justice so requires." This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quotation omitted). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal

4

quotation marks omitted).  Amendment is futile only if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

The district court dismissed Volungis's complaint with prejudice without any discussion about whether amendment should be permitted.  While his breach-of-contract claim fails as a matter of law, his other claims could be cured through amendment.  It was an abuse of discretion to dismiss these claims with prejudice and no justification for doing so.  *See Doe v. United States (In re Doe)*, 58 F.3d 494, 497 (9th Cir. 1995).

We therefore affirm dismissal of the breach-of-contract claim with prejudice, but reverse the dismissal of Volungis's other claims to the extent that they were dismissed with prejudice, and remand to allow Volungis an opportunity to file an amended complaint.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.