**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SUPERAMA CORPORATION, INC., DBA
U.S.A. Sumo, a Nevada Corporation,

Plaintiff-Appellant,

v.

TOKYO BROADCASTING SYSTEM
TELEVISION, INC.,

Defendant-Appellee.

No. 23-55001

D.C. No.
2:22-cv-00299-MWF-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted July 9, 2024
Pasadena, California

Before: GRABER, N.R. SMITH, and NGUYEN, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge GRABER.

Superama Corp. appeals the district court's dismissal of its complaint against

Tokyo Broadcasting System Television, Inc. ("TBS") for lack of subject matter

jurisdiction. Superama claims that TBS circumvented technological measures that

effectively controlled access to its copyrighted work, in violation of the Digital

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201(a)(1), and raises additional claims under Japanese copyright law. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see S. Coast Specialty Surgery Ctr., Inc. v. Blue Cross of Cal.*, 90 F.4th 953, 957 (9th Cir. 2024), we affirm in part, reverse in part, and remand.

1. The district court concluded that it lacked subject matter jurisdiction because a circumvention claim does not cover wholly extraterritorial conduct and the conduct at issue here occurred in Japan. However, "whether a statute applies abroad concerns 'what conduct' the statute prohibits, 'which is a merits question.'" *Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1168 (9th Cir.) (quoting *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 253–54 (2010)), *cert. denied*, 143 S. Ct. 491 (2022). Whether Superama alleged domestic conduct thus did not affect the district court's subject matter jurisdiction. *See id.*

Because the district court had federal question jurisdiction over Superama's DMCA claim under 28 U.S.C. § 1331, the district court had supplemental jurisdiction over the Japanese law copyright claims under 28 U.S.C. § 1367(a). If, on remand, the district court dismisses with prejudice the claims over which it has original jurisdiction, it should consider whether to exercise supplemental jurisdiction over any remaining claims. *See* 28 U.S.C. § 1367(c).

2.  The district court properly determined that wholly extraterritorial conduct does not give rise to a DMCA circumvention claim.  We employ a "presumption against extraterritoriality: Absent clearly expressed congressional intent to the contrary, federal laws will be construed to have only domestic application."  *RJR Nabisco v. European Cmty.*, 579 U.S. 325, 335 (2016).  For this presumption to be rebutted, Congress must have "affirmatively and unmistakably instructed" that a statute applies to extraterritorial conduct.  *Id.*

Superama contends that § 1201's use of the phrase "a work protected under this title" references § 104's definition of "works" that "are subject to protection under this title."  17 U.S.C. § 104(a), (b).  But § 104's worldwide protection applies to works—not conduct.  *See Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519, 531 (2013) ("The [Copyright] Act does not instantly *protect* an American copyright holder from unauthorized piracy taking place abroad.  But that fact does not mean the Act is *inapplicable* to copies made abroad.").

Superama also argues that "[§] 1201's focus on 'access to works' as opposed to copies, is a further indication that [the statute] is not geographically concerned" because "works are *intangible* pieces of property."  To the contrary, § 1201 applies only to "a work *protected* under [the Copyright Act]," 17 U.S.C. § 1201(a)(1) (emphasis added), and "[c]opyright protection subsists . . . in original works of

authorship *fixed in any tangible medium of expression*," *id.* § 102(a) (emphasis added).

In addition, Superama argues that several policy considerations counsel against applying the presumption against extraterritoriality. Whatever the merits of these arguments, we cannot consider them. *See Morrison*, 561 U.S. at 255, 259 (criticizing courts for "disregard[ing] . . . the presumption against extraterritoriality" and instead "applying . . . [a] methodology of balancing interests and arriving at what seemed the best policy").

Therefore, we affirm the district court's ruling that a circumvention claim cannot rest on wholly extraterritorial conduct.

3. The district court concluded that Superama fails to allege a DMCA violation that occurred in the United States. However, the district court's conclusion rests on the mistaken premise that an infringement claim and a circumvention claim cannot occur in two different places when based on the same factual allegations.

When determining "whether the case involves a domestic application of the statute," we must identify "the statute's 'focus.'" *WesternGeco LLC v. ION Geophysical Corp.*, 585 U.S. 407, 413 (2018) (quoting *RJR Nabisco*, 579 U.S. at 337). This "can include the conduct it 'seeks to "regulate,"'" as well as the parties and interests it 'seeks to "protect"' or vindicate." *Id.* at 414 (cleaned up) (quoting

*Morrison*, 561 U.S. at 267). "'If the conduct relevant to the statute's focus occurred in the United States, then the case involves a permissible domestic application' of the statute, 'even if other conduct occurred abroad.'" *Id.* (quoting *RJR Nabisco*, 579 U.S. at 337).

The district court likened stream ripping "to a download" in that it "creates a copy." But unlike an infringement action, which targets the unauthorized download or copy, a circumvention claim targets the evasion of technological measures preventing access to a copy. *See* 17 U.S.C. § 1201(a)(3)(A) ("[T]o 'circumvent a technological measure' means to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner.").

Relying on legislative history, the district court reasonably analogized circumventing a technological protection measure to burglarizing a locked house:

> [I]f unauthorized access to a copyrighted work is effectively
> prevented through use of a password, it would be a violation of
> [§ 1201] to defeat or bypass the password and to make the means to
> do so . . . . This is roughly analogous to making it illegal to break into
> a house using a tool, the primary purpose of which is to break into
> houses.

S. Rep. No. 105-190, at 11 (1998). But in this analogy, the focus of § 1201(a)(1)'s anti-circumvention provision is the location of the lock, not the location of the tool used to circumvent it. The tool's location would be relevant to a claim under

§ 1201(a)(2) for "traffic[king] in [circumvention] technology," which is not at issue here.

Superama alleges that "TBS applied . . . hacking techniques to Superama's servers in the United States, circumventing their U.S.-based protection in order to permit a streamlined and unauthorized download of [Superama's] work." Superama further alleges that the "ripping of the U.S.-based video occurred . . . in the [United States]." If additional factual allegations were offered to permit this element to be inferred, then Superama could adequately allege "a permissible domestic application" of the DMCA, even if TBS directed the conduct from abroad. *RJR Nabisco*, 579 U.S. at 337. Because the district court concluded otherwise, we reverse the dismissal of Superama's circumvention claim.

4. The district court criticized "the lack of details alleged about how the circumvention actually took place" but did not decide whether Superama met Rule 8's pleading standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). We leave it to the district court to address this issue in the first instance.[1]

---

[1] Superama's unauthorized letter brief addressing this issue (docket entry no. 57) is stricken. *See* Fed. R. App. P. 28(c), (j).

6

In the district court, Superama sought "the opportunity to amend the [complaint] to add facts to establish that . . . the circumvention occurred in the United States." "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Because circumvention could in principle have taken place domestically, Superama should be afforded the opportunity to allege facts that make its claim plausible.

**AFFIRMED in part; REVERSED in part; and REMANDED.** Each party shall bear its own costs.

<u>Superama Corp. Inc. v. Tokyo Broad. Sys. Television, Inc.</u>, No. 23-55001

GRABER, Circuit Judge, concurring in part and dissenting in part:

I concur in Part 1 of the disposition but otherwise respectfully dissent.

The complaint, as now pleaded, viewing all allegations and inferences in Plaintiff's favor, adequately and plausibly describes a domestic application of Section 1201 and therefore states a valid claim. The operative complaint alleges that the "tortious acts," including "hacking" and "YouTube ripping," occurred in the United States. It states that "[a] substantial part of the events giving rise to the claims asserted herein occurred in Central District of California." It further alleges that all hacking activity took place domestically:

> On information and belief, [Defendant] applied these hacking techniques to [Plaintiff's] servers <u>in the United States</u>, circumventing their <u>U.S.-based protection</u> in order to permit a streamlined and unauthorized download of the work. Although the download itself is a violation of Japanese law because the download is deemed to have happened in Japan, the hacking and ripping of the U.S.-based video <u>occurred here in the U.S.</u>

(Emphases added). Those allegations sufficiently allege a "permissible domestic application" of the statute's focus. <u>RJR Nabisco v. Eur. Cmty.</u>, 579 U.S. 325, 337 (2016); <u>see</u> <u>id.</u> ("If the conduct relevant to the statute's focus occurred in the United States, then the case involves a permissible domestic application even if other conduct occurred abroad.").

If a complaint alleges that the defendant stole a particular item from the plaintiff's California warehouse during a particular time period, those allegations suffice. At the pleading stage we don't require that the plaintiff also specify whether the defendant climbed into the warehouse through a broken window or, instead, borrowed a warehouse employee's key card.

Because I would reverse and remand on the ground that the operative complaint adequately and plausibly describes a domestic application of Section 1201, I would not reach the question whether the statute applies extraterritorially. Nor would I punt on the question whether the operative complaint complies with Federal Rule of Civil Procedure 8, an issue that Defendant did not argue to the district court. Finally, amendment of the complaint is unnecessary; whether Plaintiff can prove the case it has alleged, with the necessary details, is a question for another day.

In short, I would reverse and remand for further proceedings on the merits. I therefore respectfully dissent in part.