NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 26 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHAWN DALE MOORE,

Plaintiff - Appellant,

v.

DAVID SHINN, Director; et al.,

Defendants – Appellees.

No. 23-15302

D.C. No.
2:20-cv-01223-ROS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted February 4, 2026
Phoenix, Arizona

Before: BERZON, CALLAHAN, and FRIEDLAND, Circuit Judges.

The First Amendment, applicable to the States under the Fourteenth
Amendment, protects prisoners' rights to file lawsuits and prison grievances; it
also protects them against retaliatory acts by prisons and prison officials for having
exercised their rights. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).
Invoking these protections, prisoner Shawn Dale Moore filed a pro se complaint

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

under 42 U.S.C. § 1983 against seventy-six Arizona prison officials for numerous claims of unconstitutional retaliation. The district court screened Moore's complaint, *see* 28 U.S.C. § 1915A, and sua sponte dismissed most of Moore's claims along with seventy-three defendants. Moore appeals the screening order, contending that (1) for some of his dismissed claims, the district court erred by holding his complaint to too high a pleading standard and (2) for all of his dismissed claims, the district court erred by not granting him leave to amend his complaint to correct any pleading deficiencies.[1] We have jurisdiction under 28 U.S.C. § 1291.[2] We reverse and remand.

We review de novo a district court's dismissal of a pro se prisoner's complaint at the screening stage. *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024). We review a district court's denial of leave to amend for abuse of discretion. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

1. The district court erred by dismissing certain of Moore's unconstitutional retaliation claims. These dismissed claims concerned numerous occasions on which prison officials allegedly retaliated against Moore for having previously

---

[1] Moore was ably represented on appeal by counsel appointed through the Ninth Circuit's pro bono program. We thank counsel for their service.

[2] This appeal comes after Moore lost at summary judgment on the claims that were not dismissed at the screening stage. Moore does not appeal the district court's summary judgment ruling.

filed lawsuits and prison grievances by: (a) denying him food, water, showers, recreation activities, and access to prison programming; (b) searching his person and seizing his personal items without cause; and (c) refusing to accept his new grievance forms for filing.

"The standard for dismissal of prisoner claims at screening is the 'same as the Federal Rule of Civil Procedure 12(b)(6) standard . . . .'" *Long*, 91 F.4th at 1336 (quoting *Watison*, 668 F.3d at 1112). The Rule 12(b)(6) standard requires that, to survive a motion to dismiss, a plaintiff's complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). This standard presents a "low threshold." *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012). And courts must liberally construe complaints by pro se plaintiffs, especially civil rights claims brought by prisoners. *Tiedemann v. von Blanckensee*, 72 F.4th 1001, 1009 (9th Cir. 2023).

To state a plausible claim for unconstitutional retaliation, a prisoner must allege facts sufficient to show that: (1) he engaged in protected conduct; (2) the defendant then took an adverse action against him; (3) a causal link existed between his protected conduct and the defendant's adverse action; (4) the adverse action had a harmful impact or chilling effect on future protected conduct; and (5) the adverse action lacked a legitimate correctional interest. *Watison*, 668 F.3d at

1114.

First, paragraphs 17, 19, 23, 28, 30-32, 36, 38, 40-41, 44-46, 48-49, 54-56, and 58-70 of Moore's complaint each state plausible unconstitutional retaliation claims against an array of prison officials for allegedly denying Moore food, water, showers, and recreation activities. For these claims, the district court concluded that Moore failed to plead sufficient facts either "to support that these occurrences were in retaliation for him exercising constitutionally protected rights or" to support "that they resulted in a chilling of his First Amendment rights or other non-de-minimis harm." We disagree with both conclusions.

At this stage, Moore's complaint alleges sufficient facts to plausibly show that Moore's protected conduct served as a "substantial or motivating factor" for each of the prison officials' alleged adverse actions, thus satisfying a retaliation claim's causal link element. *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (internal quotation marks omitted). For many of these incidents, the officials' retaliatory purpose can be inferred from their alleged explicit references to Moore's previous filings of lawsuits and grievances at the same time that they took adverse actions against him. *See Watison*, 668 F.3d at 1116 (holding that the plaintiff adequately alleged retaliatory purpose when a prison official referenced the plaintiff's protected conduct "during the same interaction" in which the official took an adverse action). For the remaining incidents, the officials' retaliatory

purpose can be inferred from the temporal proximity between Moore's protected filings and their alleged adverse actions. *See id.* at 1114 (noting that an "allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal").

Likewise, Moore's complaint alleges sufficient facts to plausibly demonstrate that the prison officials' adverse actions "would chill or silence a person of ordinary firmness from future First Amendment activities," and that he suffered some "harm that is more than minimal." *See id.* (citation modified). Indeed, we fail to see how the alleged adverse actions (denial of water, showers, recreation, and food), together with the alleged negative references to Moore's protected conduct, could fall short of the low pleading threshold needed to plausibly establish this element at the screening stage.

Second, paragraph 47 of the complaint states plausible retaliation claims against two prison officials for allegedly denying Moore access to prison programs. The district court dismissed these claims after concluding that the complaint did not "allege facts to support that [the officials] had authority to either allow or deny [him] access to programming." The district court did not explain how, in its view, these facts would relate to the elements of an unconstitutional retaliation claim. It appears likely that they would concern the requirement that Moore plausibly allege that the particular officials took an adverse action against

him.  However, the complaint alleges that Moore had been previously denied access to prison programs, and that when he asked about participating in certain prison programs these officials "laughed mockingly" and told him that "he will never be allowed to [participate in] program[s] if he continues to file grievances, litigate, and have e-mail sent to the director and warden."  These allegations suffice to plausibly support Moore's contention that these officials took an adverse action against him by denying him access to prison programs, as their statements suggest that the officials have authority over that access.

Third, paragraph 29 of the complaint states plausible retaliation claims against six prison officials for allegedly searching him and seizing his property without cause.  The district court dismissed these claims, finding that Moore failed to "allege facts to support that these actions were taken in retaliation for exercising constitutionally protected rights."  But the complaint alleges that while the officials searched him, and just before they seized his personal items, they told him "that he needed to learn not to file lawsuits and grievances."  These factual allegations plausibly support an inference that the officials took adverse actions for an unlawful retaliatory purpose.

Finally, paragraphs 34 and 50 of the complaint state plausible retaliation claims against two officials for allegedly refusing to accept Moore's new grievance forms.  The district court dismissed these claims because it again determined that

Moore failed to "allege facts to support that any grievance or grievance appeal was denied as retaliation for exercising a constitutional right." Yet the complaint alleges that, at the time the officials refused to accept Moore's new grievance forms, they told him that "he will never prevail in seeking redress" and "that he ha[d] filed enough grievances." These facts are sufficient to plausibly support an inference that the officials took these actions for an unlawful retaliatory purpose.

2. The district court abused its discretion by not granting Moore leave to amend. For claims such as Moore's, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). The district court did not make such a determination as to any of the claims that it dismissed. It thus should have granted Moore leave to amend. Because we hold that Moore has successfully stated several claims, on remand, amendment will not be necessary as to those claims.

**REVERSED and REMANDED.**