**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 04 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN FLOWERS,

    Plaintiff-Appellant,

v.

ISIDRO BACA; et al.,

    Defendants-Appellees.

No. 14-16932

D.C. No.
3:14-cv-00366-RCJ-WGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and submitted October 19, 2016
Stanford, California

Before: CALLAHAN, HURWITZ, and OWENS, Circuit Judges.

John Flowers, a Nevada state prisoner, appeals the district court's 28 U.S.C.

§ 1915A decision to dismiss Counts 2 and 3 of his *pro se* civil rights complaint

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

against various prison physicians and officials.[1]  We have jurisdiction under 28

U.S.C. § 1291 and vacate and remand with instructions.

**1.**  Regardless of whether the district court erred in dismissing the complaint

as written, it abused its discretion in dismissing the claims without affording

Flowers an opportunity to amend them.  In the context of a *pro se* pleading, we

have stated:

> Federal Rule of Civil Procedure 15(a) provides that a trial court shall grant leave to amend freely "when justice so requires."  The Supreme Court has stated that "this mandate is to be heeded."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In addition, we have repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."

*Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v.*

*United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Here, the district court did not determine that Counts 2 or 3, which purport

to allege violations of the Eighth Amendment, could not be cured.   Flowers was a

*pro se* litigant before the district court, and should be granted an opportunity to

---

[1]    Flowers filed a three-count complaint but does not appeal the dismissal of Count 1.

2

amend these claims.[2] This will allow him to develop claims generally asserted under the Americans with Disabilities Act and the Fourteenth Amendment, both of which he invoked as jurisdictional bases for his complaint. The district court did not address these claims, presumably because Flowers failed to expressly pled them as distinct causes of action.

**2.** We decline to reassign this case to a different judge on remand. We employ a three-factor test to determine whether reassignment is appropriate. In *United States v. Quach*, 302 F.3d 1096 (9th Cir. 2002), we set forth as factors: "(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving appearance of fairness." *Id*. at 1103 (quoting *United States v. Mikaelian,* 168 F.3d 380, 387 (9th Cir. 1999)). Here, the district judge dismissed the complaint at the screening stage without expressing any bias or prejudice towards Flowers. Accordingly, reassignment is not warranted.

---

[2] We appreciate the professionalism of counsel for the state defendants, who conceded that Flowers was entitled to the opportunity to amend Counts 2 and 3.

**3.**  We remand with instructions that the district court appoint counsel to represent Flowers.  *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("[A] court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).") (quoting *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)).  Exceptional circumstances exist in this case in the form of petitioner's limited ability to articulate his claims *pro se*, the complexity of the legal issues involved, and the possible merit of Flowers' claims.

We vacate the dismissal of Counts 2 and 3 and remand to the district court with instructions to appoint counsel for Flowers and to permit Flowers to file an amended complaint, amending Counts 2 and 3, as well as asserting his ADA and Fourteenth Amendment claims.   Flowers' request that his case be reassigned to a different judge is denied.

**VACATED AND REMANDED.**  Each party to bear its own costs.