**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LESLEY FELIZ, on behalf of the Estate of Stephen Jeffrey Clevenger and as Guardian Ad Litem for L.P.F., a minor and L. P. F., a minor,<br><br>　　　　Plaintiffs - Appellants,<br><br>　v.<br><br>THE COUNTY OF ORANGE, a Governmental Entity and SANDRA HUTCHENS, Orange County Sheriff, in her individual and official capacity,<br><br>　　　　Defendants - Appellees. | No. 12-55955<br><br>D.C. No. 8:10-cv-01664-CJC-MLG<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted December 6, 2013
Pasadena, California

Before: PREGERSON, BERZON, and CHRISTEN, Circuit Judges.

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Lesley Feliz, as guardian ad litem for L.P.F., the minor daughter of Stephen Clevenger, appeals the denial of her motion to reconsider the district court's order granting summary judgment in favor of Defendants in this case arising out of Clevenger's suicide death at the Orange County Jail. We reverse the district court's denial of the motion for reconsideration.

**(1)** The district court abused its discretion in denying reconsideration with respect to the dismissal of L.P.F.'s Fourteenth Amendment claim. The First Amended Complaint ("FAC") asserts claims for civil rights violations pursuant to 42 U.S.C. § 1983 and for wrongful death under state law. The § 1983 cause of action has two components: (1) a claim "on behalf of [Clevenger], by and through his Successor in Interest, L.P.F.," for violations of Clevenger's Fourth and Fourteenth Amendment rights; and (2) a personal claim "on behalf of L.P.F." for violations of *L.P.F.*'s Fourteenth Amendment rights.

The district court — perhaps not noticing L.P.F.'s personal Fourteenth Amendment claim — entered judgment in favor of Defendants as to the § 1983 claim in its entirety, because L.P.F. lacked standing to assert claims on behalf of the estate. Feliz's motion for reconsideration asserted that the district court erred by granting summary judgment on the § 1983 claim because, *inter alia*, "[t]he Fourteenth Amendment . . . 'loss of companionship' claim, goes to . . . both

children . . . of the decedent[;]" so L.P.F. "has, at least both a Wrongful Death and Fourteenth Amendment . . . § 1983 claim." In reply, Feliz further noted that "L.P.F., has an independent Fourteen Amendment Claim . . . which right is entirely separate from the survival rights of the Estate . . . ."

A motion for reconsideration "may be granted . . . to correct manifest errors of law or fact upon which the judgment rests[.]" *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Here, the district court committed manifest legal error by entering judgment on the *entire* § 1983 claim. L.P.F.'s personal Fourteenth Amendment claim does not depend on whether L.P.F. has standing to assert claims on behalf of the estate. *See Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1075 (9th Cir. 2013). The dismissal of this claim is reversed.

**(2)** Defendants request that we nonetheless affirm the entry of judgment on L.P.F.'s individual Fourteenth Amendment claim because the FAC fails to "allege[] sufficiently deliberate wrongful conduct" to state a claim. We decline to do so.

The district court has not reviewed the sufficiency of L.P.F.'s personal Fourteenth Amendment claim. Even if Defendants are correct and the FAC fails to plead sufficient facts to state a claim, entry of judgment in favor of the Defendants

3

at this juncture would be inconsistent with the directive that leave to amend should be liberally granted. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). We therefore remand to the district court to consider the sufficiency of the pleadings and to grant leave to amend, if appropriate.

**(3)** As we have reversed the entry of judgment with respect to L.P.F.'s federal cause of action, we likewise reverse the district court's dismissal of the state law wrongful death claim. We remand for the district court to reconsider whether to exercise supplemental jurisdiction over the state law claim.

**(4)** This disposition shall have no effect on the district court's entry of judgment in favor of Defendants with respect to all claims brought on behalf of Clevenger's estate. At oral argument, counsel for Feliz agreed to dismiss the appeal with regard to those derivative claims.

Defendants shall bear the costs on appeal.

**REVERSED AND REMANDED.**