

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LESLEY FELIZ, on behalf of the Estate of Stephen Jeffrey Clevenger and as Guardian Ad Litem for L.P.F., a minor,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>THE COUNTY OF ORANGE, a Governmental Entity; SANDRA HUTCHENS, Orange County Sheriff, in her individual and official capacity,<br><br>Defendants-Appellees. | No. 14-56928<br><br>D.C. No. 8:10-cv-01664-CJC-AN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted November 7, 2016[**]
Pasadena, California

Before: O'SCANNLAIN, FERNANDEZ, and RAWLINSON, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Lesley Feliz challenges the district court's grant of summary judgment and denial of reconsideration in her lawsuit against Orange County and its Sheriff. As the facts are known to the parties, we repeat them only as necessary to explain our decision.[1]

I

The district court did not err in granting summary judgment on Feliz's Fourteenth Amendment claim. Feliz has made no showing that the County or its officers acted with deliberate indifference to Stephen Clevenger's mental-health needs. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1067–71 (9th Cir. 2016) (en banc). It is undisputed that, after Clevenger's first suicide attempt, he was placed under suicide watch and closely monitored by mental-health staff for 72 hours, before he was ultimately cleared to return to regular housing. Even after Clevenger was moved into disciplinary isolation, jail staff checked on his safety every half hour. Feliz has presented no relevant evidence to suggest that these

---

[1] Appellant's Motion for Judicial Notice, filed with this court on June 17, 2015; Appellees' Motion for Judicial Notice, filed with this court on August 12, 2015; Appellant's Request to Augment the Record, filed with this court on October 24, 2016; Appellant's Motion to File a Supplemental Brief, filed with this court on October 25, 2016; Appellant's Motion to File a Supplemental Letter Brief, filed with this court on December 2, 2016; and Appellant's Request to Augment the Record on Appeal, filed with this court on December 2, 2016, are **DENIED**.

measures ignored obvious and serious risks to Clevenger's safety. *See id.* at 1071; *Simmons v. Navajo County*, 609 F.3d 1011, 1019–20 (9th Cir. 2010).

We do not consider Feliz's argument that the district court should have deferred ruling on summary judgment to allow Feliz to seek evidence supporting her claim that the County inappropriately used disciplinary isolation to punish or manipulate Clevenger. Feliz failed to preserve such claim at the summary judgment stage, instead raising it for the first time in her motion for reconsideration. *See Intercont'l Travel Mktg., Inc. v. F.D.I.C.*, 45 F.3d 1278, 1286 (9th Cir. 1994).

II

The district court did not abuse its discretion in denying Feliz's motion for reconsideration. *See United States v. Mark*, 795 F.3d 1102, 1104 (9th Cir. 2015) (denial of motion for reconsideration reviewed for abuse of discretion). Feliz did not demonstrate how the evidence she sought to present was previously unavailable or undiscoverable through reasonable diligence, and she failed to explain how such evidence was even relevant to the conditions of Clevenger's confinement (and thus to the merits of her case). Accordingly, reconsideration was not warranted under the applicable local rules. *See* C.D. Cal. R. 7-18; *see also,*

3

*e.g.*, *Goodstein v. Cont'l Cas. Co.*, 509 F.3d 1042, 1051 (9th Cir. 2007) (affirming denial of motion for reconsideration for failure to comply with local rules).

**AFFIRMED.**