**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LESLEY FELIZ, on behalf of the Estate of Stephen Jeffrey Clevenger and as Guardian Ad Litem for L.P.F., a minor, | No. 17-55568 |
| | D.C. No. 8:10-cv-01664-CJC-AN |
| Plaintiff-Appellant, | |
| v. | MEMORANDUM* |
| COUNTY OF ORANGE, a Governmental Entity and SANDRA HUTCHENS, Orange County Sheriff, in her individual and official capacity, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted October 10, 2018**
Pasadena, California

Before: HURWITZ and OWENS, Circuit Judges, and PRESNELL,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\***      The Honorable Gregory A. Presnell, United States District Judge for
the Middle District of Florida, sitting by designation.

After Stephen Clevenger committed suicide in jail, Lesley Feliz, guardian ad litem for Clevenger's daughter, sued Orange County, the County Sheriff, and several guards (collectively, "Defendants"), alleging 42 U.S.C. § 1983 claims and a state-law wrongful death claim. The district court granted summary judgment to the Defendants on the § 1983 claims, finding that Clevenger's wife—not his daughter—was the proper successor in interest under California law, and declined to exercise supplemental jurisdiction over the wrongful death claim. We reversed the summary judgment on the § 1983 claims and remanded "for the district court to reconsider whether to exercise supplemental jurisdiction over the state law claim." *Feliz v. Cty. of Orange*, 552 F. App'x 652, 653 (9th Cir. 2014).

On remand, the district court again granted summary judgment to the Defendants on the § 1983 claims, this time finding "that Plaintiff has not met her burden of showing deliberate indifference." The court again declined to exercise supplemental jurisdiction over the wrongful death claim. We affirmed. *Feliz v. Cty. of Orange*, 672 F. App'x 695, 696 (9th Cir. 2016).

After the mandate issued, Feliz filed a motion to set aside the judgment, claiming that the Defendants had previously failed to produce a "Special Handling Log" and that the district court had abused its discretion by declining supplemental jurisdiction. The district court denied the motion, finding that Feliz failed to explain how any information in the Log would have changed the result as to the § 1983

claims and had provided no showing of an abuse of discretion as to the exercise of supplemental jurisdiction. Feliz timely appealed.

We have jurisdiction under 28 U.S.C. § 1291 and review the denial of a motion under Federal Rule of Civil Procedure 60(b)(6) for abuse of discretion. *Delay v. Gordon*, 475 F.3d 1039, 1043 (9th Cir. 2007).[1] We affirm.

1. The district court did not abuse its discretion in finding that Feliz demonstrated no basis for Rule 60(b)(6) relief on the § 1983 claim. "A party seeking to re-open a case under Rule 60(b)(6) 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion.'" *Id.* at 1044 (quoting *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)). Because Feliz failed to identify information in the Log that was either previously unavailable or relevant to the district court's § 1983 analysis, the refusal to vacate the grant of summary judgment was not an abuse of discretion. *See Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103–04 (9th Cir. 2006).

2. The district court also did not abuse its discretion in again declining supplemental jurisdiction over the state-law claim. Feliz did not challenge the

---

[1]  Although Feliz's motion was denominated as seeking relief under Rule 60(b)(4) (relief from a void judgment) and 60(b)(5) (relief from a satisfied judgment), the district court properly treated the motion as invoking Rule 60(b)(6) (relief for "any other reason that justifies relief").

3

district court's decision to decline supplemental jurisdiction in her second appeal and has not suggested that any extraordinary circumstances prevented her from doing so. *See Delay*, 475 F.3d at 1044.

**AFFIRMED**.